George S. McCall*
Cara C. Vecchione
Sedgwick LLP
225 Liberty Street, 28th Floor
New York, New York 10281
(212) 422-0202
*Attorneys for Defendant XL Insurance America, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OHIO CASUALTY INSURANCE COMPANY AND LIBERTY INSURANCE UNDERWRITERS INC., <br><br> Plaintiffs, <br><br> -against- <br><br> WAL-MART STORES, INC. AND WAL-MART TRANSPORTATION, LLC, QBE INSURANCE CORPORATION, ST. PAUL FIRE AND MARINE INSURANCE COMPANY AND XL INSURANCE AMERICA, INC., <br><br> Defendants. | CIVIL ACTION NO.: 3:15-cv-07414-AET-DEA <br><br><br> ANSWER TO COMPLAINT FOR DECLARATORY RELIEF WITH CROSS-CLAIMS AND DEMAND FOR JURY TRIAL |

Defendant XL Insurance America, Inc. ("XLIA"), through its counsel Sedgwick LLP, files this Original Answer and Affirmative Defenses to Plaintiffs' Complaint for Declaratory Relief ("Complaint") with Cross-Claims against Wal-Mart Stores, Inc. and Wal-Mart Transportation, LLC (collectively "Wal-Mart") and respectfully states as follows:

**NATURE OF THE ACTION**

1.       Paragraph 1 of Plaintiffs' Complaint is only a legal pleading and contains no factual allegations. Therefore, no response is required. To the extent a response is required, XLIA admits the averments contained therein.

**THE SUBSTANTIAL INTERESTS OF NEW JERSEY IN THIS DISPUTE**

2. Paragraph 2 of Plaintiffs' Complaint is only a legal pleading and, therefore, no response is required. To the extent a response is required, XLIA admits the averments contained therein.

3. Paragraph 3 of Plaintiffs' Complaint is only a legal pleading and, therefore, no response is required. To the extent a response is required, XLIA admits the averments contained therein.

**WAL-MART'S FAILURE TO ABIDE BY ITS AGREEMENT TO GIVE PRIOR WRITTEN NOTICE OF ITS FILING OF ANY ACTION AGAINST PLAINTIFFS**

4. XLIA admits the factual allegations in paragraph 4 of Plaintiffs' Complaint.

5. The terms of the documents referenced in paragraph 5 of Plaintiffs' Complaint shall speak for themselves and no further answer is required.

6. The terms of the documents referenced in paragraph 6 of Plaintiffs' Complaint shall speak for themselves and no further answer is required.

7. XLIA admits that it relied on the agreement by and other assurances of Wal-Mart not to commence any coverage action without advance written notice. XLIA is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of Plaintiffs' Complaint.

8. XLIA is without information sufficient to form a belief as to the truth of the allegations in paragraph 8 of Plaintiffs' Complaint.

9. XLIA admits that Wal-Mart breached its agreement to provide XLIA with advance notice of its intent to commence coverage litigation against XLIA by filing the Arkansas action referenced in this paragraph. XLIA is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of Plaintiffs' Complaint.

## THE PARTIES

10. XLIA is without information sufficient to form a belief as to the truth of the allegations in paragraph 10 of Plaintiffs' Complaint.

11. XLIA is without information sufficient to form a belief as to the truth of the allegations in paragraph 11 of Plaintiffs' Complaint.

12. XLIA is without information sufficient to form a belief as to the truth of the allegations in paragraph 12 of Plaintiffs' Complaint.

13. XLIA is without information sufficient to form a belief as to the truth of the allegations in paragraph 13 of Plaintiffs' Complaint.

14. XLIA is without information sufficient to form a belief as to the truth of the allegations in paragraph 14 of Plaintiffs' Complaint.

15. XLIA is without information sufficient to form a belief as to the truth of the allegations in paragraph 15 of Plaintiffs' Complaint.

16. XLIA admits the factual allegations in paragraph 16 of Plaintiffs' Complaint.

17. XLIA is without information sufficient to form a belief as to the truth of the allegations in paragraph 17 of Plaintiffs' Complaint.

## JURISDICTION AND VENUE

18. XLIA admits that it is authorized to transact insurance business in the State of New Jersey and that this Court has jurisdiction, but otherwise is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 of Plaintiffs' Complaint.

19. Paragraph 19 of Plaintiffs' Complaint is only a legal pleading and contains no factual allegations. Therefore, no response is required. To the extent a response is required, XLIA admits the averments contained therein.

## THE UNDERLYING LAWSUIT AGAINST WAL-MART

20. XLIA admits the factual allegations in paragraph 20 of Plaintiffs' Complaint.

21. XLIA admits the factual allegations in paragraph 21 of Plaintiffs' Complaint.

22. XLIA admits the factual allegations in paragraph 22 of Plaintiffs' Complaint.

23. XLIA admits the factual allegations in paragraph 23 of Plaintiffs' Complaint.

24. XLIA admits the factual allegations in paragraph 24 of Plaintiffs' Complaint.

25. XLIA admits the factual allegations in paragraph 25 of Plaintiffs' Complaint.

26. XLIA admits the factual allegations in paragraph 26 of Plaintiffs' Complaint.

27. XLIA admits the factual allegations in paragraph 27 of Plaintiffs' Complaint.

28. XLIA admits the factual allegations in paragraph 28 of Plaintiffs' Complaint.

29. XLIA admits the factual allegations in paragraph 29 of Plaintiffs' Complaint.

## THE INSURANCE POLICIES

30. XLIA admits the factual allegations in paragraph 30 of Plaintiffs' Complaint.

31. XLIA admits the factual allegations in paragraph 31 of Plaintiffs' Complaint.

32. XLIA admits that it issued Excess Liability Policy no. US00006368LI13A to Wal-Mart Stores, Inc. (the "XLIA Policy"), and otherwise admits the remaining allegations in paragraph 32 of Plaintiffs' Complaint.

## NEW JERSEY PUBLIC POLICY WITH RESPECT TO PUNITIVE DAMAGES

33. XLIA admits that in the Morgan Lawsuit, the plaintiffs sought substantial punitive damages from Wal-Mart.  The remaining allegations in paragraph 33 of Plaintiffs' Complaint are legal pleadings and contain no factual allegations.  Therefore, no response is required.  To the extent a response is required, XLIA admits the averments contained therein.

34. XLIA admits that there is a dispute between XLIA and Wal-Mart with regard to Wal-Mart's settlement of the litigation styled *Tracy Morgan, et al. v. Wal-Mart Stores, Inc., et al.*, Case Number 3:14-cv-04388, specifically as to Wal-Mart's demand for insurance coverage under the XLIA Policy. XLIA states that no coverage is available under the XLIA Policy for Wal-Mart's settlement of the Morgan Lawsuit, which was excessive and unreasonable. XLIA is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 of Plaintiffs' Complaint.

## DEALINGS BETWEEN WAL-MART, PLAINTIFFS AND PLAINTIFFS' ASSOCIATING DEFENSE COUNSEL

35. The terms of the documents referenced in paragraph 35 of Plaintiffs' Complaint shall speak for themselves and no further answer is required.

36. XLIA is without information sufficient to form a belief as to the truth of the allegations in paragraph 36 of Plaintiffs' Complaint.

37. XLIA is without information sufficient to form a belief as to the truth of the allegations in paragraph 37 of Plaintiffs' Complaint.

38. XLIA is without information sufficient to form a belief as to the truth of the allegations in paragraph 38 of Plaintiffs' Complaint.

39. XLIA is without information sufficient to form a belief as to the truth of the allegations in paragraph 39 of Plaintiffs' Complaint.

40. XLIA is without information sufficient to form a belief as to the truth of the allegations in paragraph 40 of Plaintiffs' Complaint.

## WAL-MART'S SETTLEMENT OF THE MORGAN LAWSUIT

41. XLIA admits the factual allegations in paragraph 41 of Plaintiffs' Complaint.

42. XLIA admits the factual allegations in paragraph 42 of Plaintiffs' Complaint, as to XLIA.

43. XLIA admits the factual allegations in paragraph 43 of Plaintiffs' Complaint, as to XLIA.

44. XLIA admits the factual allegations in paragraph 44 of Plaintiffs' Complaint.

45. XLIA admits the factual allegations in paragraph 45 of Plaintiffs' Complaint.

46. XLIA admits the factual allegations in paragraph 46 of Plaintiffs' Complaint, as to XLIA.

47. XLIA admits the factual allegations in paragraph 47 of Plaintiffs' Complaint, as to XLIA.

48. XLIA admits the factual allegations in paragraph 48 of Plaintiffs' Complaint, as to XLIA.

## POST-SETTLEMENT EVENTS

49. XLIA admits the factual allegations in paragraph 49 of Plaintiffs' Complaint.

## FIRST CAUSE OF ACTION

**(Declaratory Judgment As To Reasonableness of the Settlement)**

50. Paragraph 50 of Plaintiffs' Complaint does not contain any factual allegations. Therefore, no response is required.

51. XLIA admits the factual allegations in paragraph 51 of Plaintiffs' Complaint.

52. XLIA admits the factual allegations in paragraph 52 of Plaintiffs' Complaint.

53. XLIA admits that it has no obligation under the XLIA Excess Policy to reimburse Wal-Mart with respect to its settlement of the Morgan Lawsuit. XLIA is without information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 53 of Plaintiffs' Complaint.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment As To Failure to Cooperate)

54. Paragraph 54 of Plaintiffs' Complaint does not contain any factual allegations. Therefore, no response is required.

55. XLIA is without information sufficient to form a belief as to the truth of the allegations in paragraph 55 of Plaintiffs' Complaint.

56. XLIA admits that it has no obligation under the XLIA Excess Policy to reimburse Wal-Mart with respect to its settlement of the Morgan Lawsuit. XLIA is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 56 of Plaintiffs' Complaint.

## THIRD CAUSE OF ACTION

### (Declaratory Judgment As To No Consent to Settlement)

57. Paragraph 57 of Plaintiffs' Complaint does not contain any factual allegations. Therefore, no response is required.

58. XLIA is without information sufficient to form a belief as to the truth of the allegations in paragraph 58 of Plaintiffs' Complaint.

59. XLIA is without information sufficient to form a belief as to the truth of the allegations in paragraph 59 of Plaintiffs' Complaint.

60. XLIA admits that it has no obligation under the XLIA Excess Policy to reimburse Wal-Mart with respect to its settlement of the Morgan Lawsuit. XLIA is without information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 60 of Plaintiffs' Complaint.

## FOURTH CAUSE OF ACTION

### (Declaratory Judgment That Any Settlement or Portion Thereof of Punitive Damages Claim is Uninsurable)

61. Paragraph 61 of Plaintiffs' Complaint does not contain any factual allegations. Therefore, no response is required.

62. Paragraph 62 of Plaintiffs' Complaint is only a legal pleading and contains no factual allegations. Therefore, no response is required. To the extent a response is required, XLIA admits the averments contained therein.

63. Paragraph 63 of Plaintiffs' Complaint is only a legal pleading and contains no factual allegations. Therefore, no response is required. To the extent a response is required, XLIA admits the averments contained therein.

64. XLIA admits the factual allegations in paragraph 64 of Plaintiffs' Complaint.

65. XLIA admits that it has no obligation under the XLIA Excess Policy to reimburse Wal-Mart with respect to its settlement of the Morgan Lawsuit. XLIA is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 65 of Plaintiffs' Complaint.

WHEREFORE, XLIA demands judgment declaring that XLIA has no obligation to satisfy any part of the settlement reached in the Morgan Lawsuit, and for the following additional relief: (1) an award of attorneys' fees and costs incurred by XLIA in defending this action; and (2) for any other and further relief as this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

NOW COMES the above-named Defendant, XLIA, and asserts the following affirmative defenses:

### FIRST DEFENSE

66. XLIA is not liable for the settlement of the Morgan Lawsuit under the terms, conditions and exclusions of the XLIA Excess Policy and/or the policy to which the XLIA Excess Policy follows form, i.e., the "Controlling Underlying Policy".

### SECOND DEFENSE

67. All terms and conditions of the XLIA Policy are clear and unambiguous.

### THIRD DEFENSE

68. The amount of the settlement of the Morgan Lawsuit was excessive and/or unreasonable, and XLIA is not obligated to provide coverage or reimburse Wal-Mart for such settlement.

### FOURTH DEFENSE

69. XLIA is not liable for the settlement of the Morgan Lawsuit because of Wal-Mart's failure to cooperate, including its failure to provide XLIA with necessary information to evaluate the settlement amount of the Morgan Lawsuit.

### FIFTH DEFENSE

70. XLIA is not liable for the settlement of the Morgan Lawsuit because of Wal-Mart's failure to obtain XLIA's written consent before entering into the settlement.

### SIXTH DEFENSE

71. There is no coverage for any portion of the settlement of the Morgan Lawsuit that is attributable to settling punitive damages claims against Wal-Mart.

**SEVENTH DEFENSE**

72. Any inability or refusal to pay by any other insurer does not satisfy exhaustion of any limits of liability underlying or in the same "layer" of the XLIA Excess Policy or increase XLIA's liability. XLIA has no duty to drop down or drop over and has no obligation to assume responsibility of any other insurer or similar entity.

**EIGHTH DEFENSE**

73. XLIA has no duty or obligation under the XLIA Excess Policy because there has been a failure to demonstrate that the limits of liability of all applicable underlying insurance have been properly and completely exhausted.

**NINTH DEFENSE**

74. XLIA incorporates all applicable defense(s) asserted by any other similarly situated party that is/are applicable to XLIA.

**TENTH DEFENSE**

75. Suit has just been filed and no formal discovery has been conducted. XLIA respectfully requests the right to amend its answer at a later date to assert such additional defenses, cross-claims, or third-party complaints as may be appropriate when further information is obtained through investigation and formal discovery.

**CROSS-CLAIMS AGAINST WAL-MART**

Defendant / Cross-Plaintiff XLIA, for its Cross-Claims against Wal-Mart, states as follows:

**NATURE OF THE CROSS-CLAIMS**

1. These Cross-Claims are pursuant to the authority set forth in 28 U.S.C. §§ 2201 and 2202 adjudging and determining the rights and obligations of the parties. XLIA seeks a declaration that there is no coverage afforded to or for the benefit of Wal-Mart under the XLIA Excess Policy

for the settlement of the Morgan Lawsuit, and for a determination that XLIA has no duty to indemnify Wal-Mart for its settlement of the Morgan Lawsuit.

## THE PARTIES

2. Cross-Plaintiff XLIA is an insurance company organized under the laws of Delaware, with its principal place of business in Stamford, Connecticut.

3. Wal-Mart Stores is a Delaware corporation with its principal place of business in Bentonville, Arkansas. Wal-Mart has stores and distribution centers in New Jersey as well as other states.

4. Wal-Mart Transportation is a wholly-owned subsidiary of Wal-Mart Stores, and is a Delaware corporation with its principal place of business in Arkansas.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this Cross-Claim based upon 28 U.S.C. § 1332. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs of suit.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (c) because the factual events giving rise to the damage claim underlying this action occurred in New Jersey.

## FACTUAL BACKGROUND

7. XLIA incorporates the allegations of Paragraphs 1 through 6 herein as if set forth in full.

8. XLIA issued an Excess Liability Policy to Wal-Mart, policy no. US00006368LI13A, effective from September 15, 2013 to September 15, 2014 (the "XLIA Excess Policy").

9. On or about July 10, 2014, four individuals brought a lawsuit against Wal-Mart in the United States District Court for the District of New Jersey. The four individuals are referred to herein as "Underlying Plaintiffs" and the lawsuit as the "Morgan Lawsuit".

10. The Underlying Plaintiffs alleged that, on June 7, 2014, an accident took place on the New Jersey Turnpike in Middlesex County. They alleged that a truck driver employed by Wal-Mart was speeding and collided with a limousine whose passengers included three of the individuals. Those three individuals were injured. (Morgan Lawsuit ¶¶ 24-31).

11. The Morgan Lawsuit contained four counts: one count of negligence against Wal-Mart by each of the injured plaintiffs and a claim for loss of consortium by a wife of one of the passengers.

12. In their lawsuit, the Underlying Plaintiffs alleged that Wal-Mart was "careless and negligent in the ownership and operation of its motor vehicle." (Id. ¶ 41).

13. The Underlying Plaintiffs alleged, among other things, that the truck had a sophisticated collision-avoidance system that failed to operate and automatically brake the truck. (Id. ¶ 71).

14. In addition, the Underlying Plaintiffs alleged that Wal-Mart knew or should have known that the driver had been awake for more than 24 hours before the accident, commuted over 700 miles just to pick up his truck, and thus was greatly fatigued. They alleged further that "[a]s a result of [his[ fatigue, he fell asleep behind the wheel of his truck while he was driving, failed to slow down for traffic ahead, and resultantly collided with the Limo directly in front of him in which the Plaintiffs were passengers." (Id. ¶ 70).

15. The Underlying Plaintiffs alleged further that Wal-Mart acted "recklessly and intentionally" in "fail[ing] to take proper measures to combat the serious dangers of its drivers suffering from fatigue." They alleged that Wal-Mart "knew or should have known that its drivers were routinely working shifts longer than permitted under the [Federal Motor Carrier Safety Administration Regulations ("F.M.S.CA.")], driving more hours per day than permitted under the

F.M.S.CA. Regulations, [and] driving more consecutive hours without rest than permitted. . . ." (Id. ¶ 76).

16. The Underlying Plaintiffs also alleged that Wal-Mart knew or should have known that its drivers were routinely fatigued because not only did they work long shifts, but they also "regularly commuted hundreds of miles to get to work" when there were Wal-Mart distribution centers closer to their homes. (Id. ¶¶ 78-79).

17. The Underlying Plaintiffs further alleged that Wal-Mart "recklessly and intentionally engaged in a pattern and practice of having its drivers violate the F.M.S.CA. Regulations." (Id. ¶ 82).

18. The Underlying Plaintiffs sought compensatory and punitive damages.

19. In March 2015, Wal-Mart requested that XLIA consent to a settlement of the Morgan Lawsuit for a confidential amount. Upon information and belief, Wal-Mart had agreed to the amount demanded by the underlying Plaintiffs without attempting to negotiate a settlement for less than the amount.

20. By May of 2015, Wal-Mart voluntarily settled the Morgan Lawsuit without obtaining the consent of XLIA.

21. Upon information and belief, Wal-Mart did not adequately investigate, analyze and/or evaluate the Claims before agreeing to the Settlement.

22. Wal-Mart failed to provide XLIA with critical information necessary to evaluate the Settlement.

23. Wal-Mart, upon information and belief, failed to, among other things, take formal discovery in the Morgan Lawsuit, failed to have their own expert physically examine the Underlying Plaintiffs, and failed to conduct independent medical examinations of the Underlying Plaintiffs.

24. Upon information and belief, at the time of Settlement Wal-Mart relied upon expert reports and/or other claims by the Underlying Plaintiffs of their alleged injuries that were premature, speculative and/or not challenged by Wal-Mart.

25. Wal-Mart demanded XLIA and the other Insurers reimburse it for the Settlement.

26. XLIA and the other Insurers have declined to reimburse Wal-Mart for the Settlement because the amount of the Settlement is unreasonable and excessive. Wal-Mart reached the Settlement prematurely and before Wal-Mart obtained or pursued additional information regarding the value of the Claims. Thus, there was no reasonable or appropriate basis to determine that the Settlement was reasonable and justified.

27. Wal-Mart entered into a settlement to avoid the imposition of punitive damages.

**INSURANCE POLICY**

28. XL Insurance America, Inc. issued Excess Liability Policy No. US00006368LI13A to Wal-Mart Stores, Inc. for the policy period of September 15, 2013 to September 15, 2014. The "Controlling" Underlying Policy" to the XLIA Excess Policy is ACE Property & Casualty Insurance Company Policy No. XOO G27052447. The XLIA Excess Policy contains the following insuring agreement in the Coverage Form (form no. CXU 050 0509):

**SECTION I – INSURING AGREEMENT**

A. We will pay on your behalf all "Loss" that you become legally obligated to pay in excess of all "Underlying Insurance" as shown in Item 4. of the Declarations providing that:

1. Such "Loss" is insured by all of the policies shown in our Schedule of "Underlying Insurance". If any "Underlying Insurance" does not pay damages, for reasons other than exhaustion of the aggregate limits of insurance, then we shall not pay such damages;

2. "Underlying Insurance" has been reduced or exhausted by payment of "Loss" to which this policy applies. In the event of a reduction or exhaustion in the underlying limit due to payment of such "Loss" we will:

      a.      Pay excess over the reduced underlying limit of the "Underlying Insurance"; or

      b.      Continue in force should the "Underlying Insurance" be completely depleted.

B.      The terms, conditions, definition, limitations and exclusions of the "Controlling Underlying Policy", as shown in the Schedule of "Underlying Insurance", apply to this policy unless they are inconsistent with the provisions of this Policy. Insurance provided by this Policy will not be broader than the insurance provided by the "underlying insurance".

**SECTION II – DEFENSE PROVISIONS**

A.      We have no duty to assume control of the investigation, defense or settlement of any claim, suit or proceeding[.] . . .

C.      We will have the right, but not the duty, to be associated with you or your underlying insurers in the investigation or settlement of any claim or the defense of any suit or proceeding which, in our opinion, may create liability on our part for payment under this policy.

**SECTION V – CONDITIONS**

A.      **Duties in the Event of an "Occurrence", Claim, or Suit**

    . . . 3.    You and any other "Insured" must:

    a.    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or suit;

    b.    Authorize us to obtain records and other information;

    c.    Cooperate with us in the investigation or settlement of the claim or defense against the suit;

    e.    Not voluntarily make a payment, assume any obligation, or incur any expense, other than first aid, without our consent, unless it is at your own expense.

C.      **Maintenance of "Underlying Insurance"**

    During the Policy Period, you agree:

    1.    To keep "Underlying Insurance" in full force and effect;

    2.    That the terms, definitions, conditions and exclusions of "Underlying Insurance" will not change from what was scheduled at the time of inception of this policy;

    3.    That the total applicable limits of "Underlying Insurance" shall not decrease, except for any reduction or exhaustion of aggregate limits by payment of "Loss"; . . .

If you fail to comply with these requirements, we will be liable only to the same extent that we would have had you fully complied with these requirements.

E.    **Voluntary Payments**

You may not, without our consent which will not be unreasonably withheld, incur any expense or make any payment which may involve this policy. Any such unauthorized expense or payment will be at your own cost.

F.    **Legal Action Against Us**

No person or organization has a right under this policy to:

    2.    Sue us, unless all of the terms of this policy have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against you obtained after trial. We will not be liable for damages that are not payable under the terms of this policy or that are in excess of the applicable limit of this policy. An agreed settlement means a settlement and release of liability signed by us, you and the claimant or the claimant's legal representative.

J.    **Other Insurance**

If other valid and collectible insurance is available to you covering a "Loss" also covered by this policy, other than a policy that is specifically written to apply in excess of this policy, the insurance afforded by this policy shall apply in excess of and will not contribute with such "Other Insurance".

**SECTION VI – DEFINITIONS**

A.    "Controlling Underlying Policy" means the policy shown in Item A. of the Schedule of "Underlying Insurance" of this policy.

D.    "Loss" will have the same definition as such term or the equivalent term in the "Controlling Underlying Policy". If there is no definition of "Loss" or equivalent term in the "Controlling Underlying Policy" then "Loss" shall mean:

The total sum, after reduction for recoveries, or salvages collectible, that the "Insured" becomes legally obligated to pay as damages by reason of:

1.     Settlements, judgments, binding arbitration; or

2.     Other binding alternate dispute resolution proceedings entered into with our consent.

F.     "Other Insurance" means insurance, other than "Underlying Insurance", which has been provided to you and affords coverage with respect to injury or damage to which this policy applies.  Other Insurance does not include any policy of insurance specifically purchased to be excess of this policy affording coverage that this policy also affords.

G.     "Underlying Insurance" means the policy or policies of insurance as described in Item 4. of the Declarations and the Schedule of Underlying Insurance forming a part of this policy.

29.    Wal-Mart has demanded reimbursement of the Settlement from XLIA under the Excess Policy, and the other Insurer parties under their respective policies.

## FIRST CAUSE OF ACTION

**(Declaratory Judgment As To Reasonableness of Settlement)**

30.    XLIA repeats and realleges paragraphs 1 through 29 as if fully set forth herein.

31.    Wal-Mart has demanded reimbursement of the Settlement from XLIA and the other Insurer parties, but has not provided sufficient documents and information necessary to justify the amount of the Settlement of the Morgan Lawsuit as reasonable.

32.    The Settlement was excessive, unreasonable and is not supported.

33.    By reason of the foregoing, XLIA is entitled to a declaration that XLIA and the other Insurer parties have no obligation to make any payment or to reimburse Wal-Mart for the Settlement.

## SECOND CAUSE OF ACTION

**(Declaratory Judgment As To Failure To Cooperate)**

34.    XLIA repeats and realleges paragraphs 1 through 33 as if fully set forth herein.

35. Wal-Mart has breached its obligation to cooperate with XLIA by failing to keep it apprised of the status and content of ongoing settlement negotiations and failing to provide XLIA with all the information and documents requested in order to evaluate the reasonableness of the settlement.

36. By reason of the foregoing, XLIA is entitled to a declaration that XLIA and the other Insurer parties have no obligation to make any payment or reimburse Wal-Mart for the Settlement.

### THIRD CAUSE OF ACTION

**(Declaratory Judgment As To No Consent To Settlement)**

37. XLIA repeats and realleges paragraphs 1 through 36 as if fully set forth herein.

38. Wal-Mart is required to obtain XLIA's prior written consent before entering into any settlement with the Underlying Plaintiffs.

39. XLIA did not provide consent to the Settlement because Wal-Mart did not provide the necessary information to evaluate the Settlement.

40. The Settlement was made without XLIA's consent.

41. By reason of the foregoing, XLIA is entitled to a declaration that it has no obligation to make any payment or to reimburse Wal-Mart for the Settlement, because the Settlement was voluntarily made and without the prior written consent of XLIA.

### FOURTH CAUSE OF ACTION

**(Declaratory Judgment That Any Settlement or Portion Thereof of Punitive Damages Claim is Uninsurable)**

42. XLIA repeats and realleges paragraphs 1 through 41 as if fully set forth herein.

43. New Jersey has a public policy prohibiting direct awards of punitive damages from being insurable as a matter of law.

44. New Jersey's public policy against the insurability of punitive damages applies not just to claims for punitive damages, but also to any settlement that includes, in whole or in part, amounts paid to release claims for punitive damages.

45. Upon information and belief, a portion of the Settlement of the Morgan Lawsuit was to settle the punitive damages claims which the Underlying Plaintiffs had asserted against Wal-Mart.

46. By reason of the foregoing, the Court should declare that there is no coverage for that portion of the Settlement of the Morgan Lawsuit that is attributable to settling the punitive damages claims asserted in the Morgan Lawsuit.

## FIFTH CAUSE OF ACTION

**(Declaratory Judgment That XLIA Excess Policy Does Not Respond Until All Underlying Limits Have Been Properly Exhausted)**

47. XLIA repeats and realleges paragraphs 1 through 46 as if fully set forth herein.

48. XLIA's obligations, if any, under the XLIA Excess Policy are contingent upon proper exhaustion of all scheduled underlying insurance and all applicable other insurance.

49. Wal-Mart has not demonstrated proper exhaustion of all insurance scheduled as underlying insurance to the XLIA Excess Policy.

50. By reason of the foregoing, the Court should declare that there is no coverage for that portion of the Settlement of the Morgan Lawsuit that is within the underlying limits to the XLIA Excess Policy.

WHEREFORE, XLIA demands judgment on its Cross-Claims declaring that XLIA has no obligation to satisfy any part of the settlement reached in the Morgan Lawsuit, for counsel fees and costs, and for any other and further relief as this Court deems just and equitable.

## JURY DEMAND

XLIA demands a trial by jury on all issues so triable.

WHEREFORE, XLIA demands judgment declaring that XLIA has no obligation to satisfy any part of the settlement reached in the Morgan Lawsuit, and for the following additional relief: (1) an award of attorneys' fees and costs incurred by XLIA in defending this action; and (2) for any other and further relief as this Court deems just and equitable.

DATED:  October 19, 2015                                  **SEDGWICK LLP**

                                                          BY:       s/ Cara C. Vecchione
                                                          George S. McCall*
                                                          N.Y. Bar No. 4506937
                                                          Cara C. Vecchione
                                                          225 Liberty Street, 28th Floor
                                                          New York, New York 10281
                                                          (212) 422-0202
                                                          george.mccall@sedgwicklaw.com
                                                          cara.vecchione@sedgwicklaw.com
                                                          *Attorneys for XL Insurance America, Inc.*

                                                          * Motion for admission to be filed