UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON DIVISION

| | |
|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY and LIBERTY INSURANCE UNDERWRITERS, INC., | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 3:15-cv-07414 |
| WAL-MART STORES, INC., WAL-MART TRANSPORTATION, LLC, QBE INSURANCE CORPORATION, ST. PAUL FIRE & MARINE INSURANCE COMPANY and XL INSURANCE AMERICA, INC., | **WAL-MART'S ANSWER AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

**WAL-MART STORES, INC. AND WAL-MART TRANSPORTATION, LLC'S ANSWER TO PLAINTIFFS' REQUEST FOR DECLARATORY RELIEF**

Defendants Wal-Mart Stores, Inc. and Wal-Mart Transportation, LLC ("Wal-Mart") file this answer to plaintiffs Ohio Casualty Insurance Company and Liberty Insurance Underwriters, Inc.'s Complaint for Declaratory Relief.

Nature of the Action

1.      Wal-Mart admits that plaintiffs request a declaration that Wal-Mart paid an unreasonable amount to settle the Morgan Lawsuit and that, despite selling insurance policies to Wal-Mart for which Wal-Mart timely paid premiums, plaintiffs have no obligation to honor the policies they sold Wal-Mart and no obligation to reimburse Wal-Mart for *any* amount of the Morgan settlement. Wal-Mart admits that it contends the amount of the Morgan settlement was reasonable and that plaintiffs contest that Wal-Mart is entitled to coverage for punitive damages.

Wal-Mart denies any suggestion that the Morgan settlement included punitive damages, and denies that insurance coverage for punitive damages is contrary to New Jersey public policy.

Plaintiffs' Allegations Regarding New Jersey's Interests in This Lawsuit

2.   Wal-Mart denies the allegations in Paragraph 2 of plaintiffs' complaint.

   a.   Wal-Mart admits the allegations in paragraph 2a of plaintiffs' complaint.

   b.   Wal-Mart admits that some, but not all, of the parties injured in the accident that led to the Morgan Lawsuit were New Jersey residents.

   c.   Wal-Mart admits the allegations in paragraph 2c of plaintiffs' complaint.

   d.   Wal-Mart denies that the Morgan Lawsuit was settled in New Jersey. The notary public designations and signatures on the settlement agreement for Tracy Morgan's claims against Wal-Mart are from Arkansas and New York, and the settlement was not entered into in New Jersey.

   e.   Wal-Mart admits that plaintiffs in the Morgan Lawsuit sought punitive damages, in addition to substantial economic damages. Wal-Mart admits that one of plaintiffs' allegations in the Morgan Lawsuit was that Wal-Mart had an alleged practice or procedure permitting its truck drivers to drive with inadequate rest, but Wal-Mart denies that any such practice or procedure existed. Wal-Mart admits that its trucks use the New Jersey Turnpike and other New Jersey highways and roads, but denies any suggestion that its trucks use New Jersey highways more than any other state's roads or that any alleged practice or procedure had a disproportionate effect in New Jersey.

   f.   Wal-Mart admits that plaintiffs in the Morgan Lawsuit sought to impose punitive damages against Wal-Mart, in addition to the substantial economic damages

plaintiffs sought.  Wal-Mart denies the remaining allegations in paragraph 2f of plaintiffs' complaint and specifically denies that it had any practice or procedure permitting its truck drivers to drive with inadequate rest.

3.  Wal-Mart denies the allegations in paragraph 3 of plaintiffs' complaint.

## Plaintiffs' Allegations Regarding Pre-Suit Negotiations

4.  Wal-Mart admits that a meeting was held on April 29, 2015, between several Wal-Mart representatives and representatives of the various insurance carriers, including LIU and Ohio Casualty.  Wal-Mart denies the remaining allegations set forth in paragraph 4 of the complaint.

5.  Wal-Mart denies the allegations in paragraph 5 of plaintiffs' complaint. Wal-Mart further avers that counsel for Wal-Mart requested that counsel for plaintiffs provide a copy of the emails referenced in paragraph 5 of plaintiffs' complaint, but counsel for plaintiffs declined to do so.

6.  Wal-Mart admits that plaintiffs sent a letter to Wal-Mart referring to Wal-Mart's proposed agreement to enter into good-faith negotiations rather than litigation but denies that plaintiffs' July 6, 2015 letter confirmed or otherwise consummated an agreement to provide at least three days prior written notice before commencing any coverage action.

7.  Wal-Mart does not have information sufficient to form a belief as to the truth of the allegations in paragraph 7 of plaintiffs' complaint and therefore denies those allegations.

8.  Wal-Mart does not have information sufficient to form a belief as to the truth of the allegations in paragraph 8 of plaintiffs' complaint and therefore denies those allegations.

9.  Wal-Mart admits that it filed a complaint in the Circuit Court of Benton County Arkansas, captioned Wal-Mart Stores, Inc. et al. v. Liberty Insurance Underwriters Inc., et al.,

-3-

and that action concerning the same insurance coverage dispute is currently pending as case number CV 15-1453-5. Wal-Mart denies the remaining allegations in paragraph 9 of plaintiffs' complaint.

The Parties

10.     Wal-Mart admits the allegations in paragraph 10 of plaintiffs' complaint.

11.     Wal-Mart admits the allegations in paragraph 11 of plaintiffs' complaint.

12.     Wal-Mart admits the allegations in paragraph 12 of plaintiffs' complaint.

13.     Wal-Mart admits that Wal-Mart Transportation, LLC is an indirectly wholly owned subsidiary of Wal-Mart Stores, Inc.

14.     Wal-Mart admits the allegations in paragraph 14 of plaintiffs' complaint.

15.     Wal-Mart admits the allegations in paragraph 15 of plaintiffs' complaint.

16.     Wal-Mart admits the allegations in paragraph 16 of plaintiffs' complaint.

17.     Wal-Mart admits that the insurers identified in paragraphs 14 through 16 of plaintiffs' complaint are all liability insurers of Wal-Mart. The remaining allegations in paragraph 17 of plaintiffs' complaint do not require any response from Wal-Mart.

Jurisdiction and Venue

18.     Wal-Mart admits that this Court has jurisdiction over plaintiffs' complaint for declaratory relief under the New Jersey Declaratory Judgment Act. Wal-Mart denies that this Court has exclusive jurisdiction over this controversy and further denies any suggestion that New Jersey has the most substantial connection to the issues in this lawsuit. Wal-Mart admits it is licensed to do business and/or has done business in New Jersey, but does not have information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 of plaintiffs' complaint and therefore denies those allegations.

-4-

19.     Wal-Mart admits the allegations in paragraph 19 of plaintiffs' complaint.

<u>The Underlying Lawsuit Against Wal-Mart</u>

20.     Wal-Mart admits the allegations in paragraph 20 of plaintiffs' complaint.

21.     Wal-Mart admits the allegations in paragraph 21 of plaintiffs' complaint, but Wal-Mart generally denies the allegations made in the Morgan Lawsuit.

22.     Wal-Mart admits that plaintiffs in the Morgan Lawsuit made the allegations in paragraph 22 of plaintiff's complaint, but generally denies the allegations made in the Morgan Lawsuit.

23.     Wal-Mart admits that plaintiffs in the Morgan Lawsuit made the allegations in paragraph 23 of plaintiffs' complaint, but Wal-Mart generally denies the allegations made in the Morgan Lawsuit.

24.     Wal-Mart admits that plaintiffs in the Morgan Lawsuit made the allegations in paragraph 24 of plaintiffs' complaint, but Wal-Mart generally denies the allegations made in the Morgan Lawsuit.

25.     Wal-Mart admits that plaintiffs in the Morgan Lawsuit made the allegations in paragraph 25 of plaintiffs' complaint, but Wal-Mart generally denies the allegations made in the Morgan Lawsuit.

26.     Wal-Mart admits that plaintiffs in the Morgan Lawsuit made the allegations in paragraph 26 of plaintiffs' complaint, but Wal-Mart generally denies the allegations made in the Morgan Lawsuit.

27.     Wal-Mart admits that plaintiffs in the Morgan Lawsuit made the allegations in paragraph 27 of plaintiffs' complaint, but Wal-Mart generally denies the allegations made in the Morgan Lawsuit.

28.     Wal-Mart admits that plaintiffs in the Morgan Lawsuit made the allegations in paragraph 28 of plaintiffs' complaint, but Wal-Mart generally denies the allegations made in the Morgan Lawsuit.

29.     Wal-Mart admits that plaintiffs in the Morgan Lawsuit sought the relief alleged in paragraph 29 of plaintiffs' complaint, but denies any suggestion that the amounts paid to settle the Morgan Lawsuit included any amount for punitive damages.

## The Insurance Policies

30.     Wal-Mart admits the allegations in paragraph 30 of plaintiffs' complaint.

31.     Wal-Mart admits the allegations in paragraph 31 of plaintiffs' complaint.

32.     Wal-Mart admits the allegations in paragraph 32 of plaintiffs' complaint.

## Plaintiffs' Allegations Regarding Punitive Damages

33.     Wal-Mart admits that plaintiffs in the Morgan Lawsuit sought punitive damages from Wal-Mart, in addition to the substantial economic damages plaintiffs sought.  Wal-Mart denies the remaining allegations in paragraph 33 of plaintiffs' complaint.

34.     Wal-Mart admits that plaintiffs have refused to honor their insurance agreements and have refused to reimburse Wal-Mart for any portion of the Morgan settlement, and that a dispute exists as to whether plaintiffs are required to do so.  Wal-Mart denies the remaining allegations in paragraph 34 of plaintiffs' complaint.

## Plaintiffs' Allegations Regarding Dealings Between the Parties

35.     Wal-Mart admits that the policy issued by LIU contains the provision referenced in paragraph 35 of plaintiffs' complaint.  Wal-Mart further admits that the Ohio Casualty policy contains a similar provision.

36.     Wal-Mart denies the allegations in paragraph 36 of plaintiffs' complaint.

-6-

nydocs1-1057436.2

37.     Wal-Mart denies the allegations in paragraph 37 of plaintiffs' complaint.

38.     Wal-Mart denies the allegations in paragraph 38 of plaintiffs' complaint.

39.     Wal-Mart denies the allegations in paragraph 39 of plaintiffs' complaint.

40.     Wal-Mart denies the allegations in paragraph 40 of plaintiffs' complaint.

<u>Plaintiffs' Allegations Regarding Settlement of the Morgan Lawsuit</u>

41.     Wal-Mart denies the allegations in paragraph 41 of plaintiffs' complaint.

42.     Wal-Mart denies the allegations in paragraph 42 of plaintiffs' complaint.

43.     Wal-Mart denies the allegations in paragraph 43 of plaintiffs' complaint.

44.     Wal-Mart denies the allegations in paragraph 44 of plaintiffs' complaint.

45.     Wal-Mart denies the allegations in paragraph 45 of plaintiffs' complaint.

46.     Wal-Mart denies the allegations in paragraph 46 of plaintiffs' complaint.

47.     Wal-Mart denies any suggestion that it has demanded plaintiffs and the insurer defendants reimburse Wal-Mart for the full amount of the settlement of the Morgan Lawsuit. Rather, Wal-Mart has asked plaintiffs and the insurer defendants to honor the insurance policies they sold to Wal-Mart and reimburse plaintiffs for their share of the amounts of the Morgan Lawsuit that they are required to pay under the terms of their policies.

48.     Wal-Mart admits that plaintiffs and the insurer defendants have declined to reimburse Wal-Mart for any portion of the settlement of the Morgan Lawsuit. Wal-Mart admits that plaintiffs *now allege* that plaintiffs and the insurer defendants believe that Wal-Mart settled the Morgan Lawsuit prematurely and without sufficient information, that there was no appropriate basis to determine whether the settlement was justified or warranted, and that the amount of the settlement was unreasonable, but Wal-Mart denies plaintiffs' allegations.

-7-

## Post-Settlement Events

49.     Wal-Mart does not have information sufficient to form a belief as to the truth of the allegations in paragraph 49 of plaintiffs' complaint and therefore denies those allegations.

## First Cause of Action

50.     Wal-Mart incorporates its responses to paragraphs 1 through 49 of plaintiffs' complaint.

51.     Wal-Mart denies the allegations in paragraph 51 of plaintiffs' complaint.

52.     Wal-Mart denies the allegations in paragraph 52 of plaintiffs' complaint.

53.     Wal-Mart denies the allegations in paragraph 53 of plaintiffs' complaint.

## Second Cause of Action

54.     Wal-Mart incorporates its responses to paragraphs 1 through 53 of plaintiffs' complaint.

55.     Wal-Mart denies the allegations in paragraph 55 of plaintiffs' complaint.

56.     Wal-Mart denies the allegations in paragraph 56 of plaintiffs' complaint.

## Third Cause of Action

57.     Wal-Mart incorporates its responses to paragraphs 1 through 56 of plaintiffs' complaint.

58.     Wal-Mart denies the allegations in paragraph 58 of plaintiffs' complaint.

59.     Wal-Mart denies the allegations in paragraph 59 of plaintiffs' complaint.

60.     Wal-Mart denies the allegations in paragraph 60 of plaintiffs' complaint.

## Fourth Cause of Action

61.     Wal-Mart incorporates its responses to paragraphs 1 through 60 of plaintiffs' complaint.

-8-

62.    Wal-Mart denies the allegations in paragraph 62 of plaintiffs' complaint.

63.    Wal-Mart denies the allegations in paragraph 63 of plaintiffs' complaint.

64.    Wal-Mart denies the allegations in paragraph 64 of plaintiffs' complaint.

65.    Wal-Mart denies the allegations in paragraph 65 of plaintiffs' complaint.

Prayer for Relief

Wal-Mart denies that plaintiffs are entitled to any relief, including any of the specific relief identified in plaintiffs' prayer for relief.

<b>WAL-MART'S AFFIRMATIVE DEFENSES</b>

Pursuant to Federal Rule of Civil Procedure 8, Wal-Mart asserts the following affirmative defense in response to plaintiffs' claims:

1.  Unclean Hands:

Despite Wal-Mart's early and repeated efforts, detailed above, to provide plaintiffs with all relevant documents and information needed to evaluate the Morgan Lawsuit, plaintiffs persisted in making harassing and pretextual demands for more and more information. Plaintiffs used those demands as a pretext to avoid settling the Morgan Lawsuit. Many of plaintiffs' demands requested either information that Wal-Mart had already provided, or information that did not exist in Wal-Mart's possession. Wal-Mart explained this state of affairs to plaintiffs on several occasions, and yet plaintiffs persisted in their requests for ever more information.

Plaintiffs' harassing and pretextual requests for additional documents and information were intended to delay and impede the settlement of the Morgan Lawsuit. These requests were made in bad faith as part of an intentional scheme to avoid making coverage payments due under the policies plaintiffs had sold to Wal-Mart.

-9-

Plaintiffs also engaged in bad faith and dishonest conduct by representing to Wal-Mart that Mr. Lou Tassan had been appointed as "associated defense counsel" to represent Wal-Mart and to assist in the defense of the Morgan Lawsuit when in fact, as Mr. Tassan later admitted, he had been appointed to represent only the interests of plaintiffs and other insurers.  Plaintiffs' unclean hands, bad faith, and dishonest conduct bar them from reaching out to this court for relief.

WHEREFORE, Wal-Mart demands costs, attorneys' fees, pre-judgment and post-judgment interest, and any and all other relief granted to Wal-Mart as the Court may deem appropriate.

## JURY DEMAND

Wal-Mart demands a trial by jury on all such triable issues.

Dated: 10/26/15

/s/ Steven J. Pudell
Steven J. Pudell
Janine M. Stanisz
ANDERSON KILL P.C.
One Gateway Center, Suite 1510
Newark, New Jersey 07102
Telephone: (973) 642-5858
Facsimile:  (973) 621-6361
spudell@andersonkill.com
jstanisz@andersonkill.com

William G. Passannante
Diana Shafter Gliedman*
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, New York 10020-1182
Telephone: (212) 278-1328
Facsimile:  (212) 278-1733
wpassannante@andersonkill.com
dgliedman@andersonkill.com

-10-

Neal Manne (TX Bar No. 12937980)*
Vineet Bhatia (TX Bar No. 00795976)*
Matthew Behncke (TX Bar No. 24069355)*
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666
nmanne@susmangodfrey.com
vbhatia@susmangodfrey.com
mbehncke@susmangodfrey.com

Steven M. Shepard (NY Bar No. 5291232)*
SUSMAN GODFREY LLP
560 Lexington Avenue, Fifteenth Floor
New York, New York 10022 6828
Telephone: (212) 336 8330
Facsimile: (212) 336 8340
sshepard@susmangodfrey.com

*Counsel for Defendants Wal-Mart Stores, Inc. and Wal-Mart Transportation, LLC*

\* Motion for admission *pro hac vice* to be filed

## LOCAL RULE 11.2 CERTIFICATION

The undersigned certifies and declares that the matter in controversy involves substantially the same parties and certain of the claims as a complaint filed in the Circuit Court of Benton County, Arkansas Civil Division, bearing docket number CU 15-1453-5, entitled Wal-Mart Stores, Inc. and Wal-Mart Transportation, LLC v. Liberty Insurance Underwriters Inc., The Ohio Casualty Insurance Company; QBE Insurance Company, St. Paul Fire & Marine Insurance Company, The Travelers Companies, Inc., and XL Insurance America, Inc.

The Superior Court of New Jersey, Law Division, Middlesex County action bearing docket number MID-L-5846-15, entitled Ohio Casualty Insurance Company and Liberty Insurance Underwriters Inc. v. Wal-Mart Stores, Inc. and Wal-Mart Transportation, LLC, QBE Insurance Corporation, St. Paul Fire and Marine Insurance Company, and XL Insurance America, Inc. is the state court action that was removed by Wal-Mart Stores, Inc. and Wal-Mart Transportation, LLC and, as such, concerns the same parties and the same insurance coverage dispute.

*/s/ Steven J. Pudell*
Steven J. Pudell

-12-