## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

THE OHIO CASUALTY INSURANCE
COMPANY and LIBERTY INSURANCE
UNDERWRITERS, INC.,

               Plaintiffs,

               v.

WAL-MART STORES, INC., WAL-MART
TRANSPORTATION, LLC, QBE
INSURANCE CORPORATION, ST. PAUL
FIRE & MARINE INSURANCE COMPANY
and XL INSURANCE AMERICA, INC.,

               Defendants.

CIVIL ACTION NO. 3:15-cv-07414-MAS-DEA

---

### WAL-MART'S BRIEF IN OPPOSITION TO MOTION TO REMAND

Defendants Wal-Mart Stores, Inc., and Wal-Mart Transportation, LLC, respectfully file this Opposition to Plaintiffs' Motion to Remand Pursuant to 28 § U.S.C. 1447(c).  Plaintiffs' Motion is set for submission on the November 16, 2015 motion day.

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

BACKGROUND ............................................................................................................2

      The Litigation Proceedings ................................................................................3

      Wal-Mart's Notice of Removal ..........................................................................4

ARGUMENT AND AUTHORITIES.................................................................................5

I. Plaintiffs Fraudulently Joined the Insurer Defendants ...................................................5

      1.     Plaintiffs Make No "Claim Against the Insurer Defendants"...................................6

      2.     Plaintiffs Have "No Real Intention in Good Faith to Prosecute the Action" Against the Insurer Defendants ..................................................................7

      3.     The New Jersey Declaratory Judgment Act Does Not Excuse Plaintiffs' Fraudulent Joinder of Friendly Defendants. ..........................................8

      4.     This Court has Jurisdiction Over All Claims.......................................................10

II. Plaintiffs Are Not Entitled to Fees for Wrongful Removal ....................................................12

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Abels v. State Farm Fire & Cas. Co.*,
    770 F.2d 26 (3d Cir. 1985)..................................................................... 6, 7

*Balazik v. County of Dauphin*,
    44 F.3d 209 (3d Cir. 1995)..................................................................... 4, 15

*First Am. Title Ins. Corp. v. JP Morgan Chase & Co.*,
    384 F. App'x 64 (3d Cir. 2010) ............................................................. 12, 13

*First Trenton Indem. Co. v. Chrysler Ins. Co.*,
    No. 10-2588, 2010 WL 3740841 (D.N.J. Sept. 20, 2010) ........................................ passim

*In re Briscoe*,
    448 F.3d 201 (3d Cir. 2006)................................................................ 5, 6, 7, 11

*Kunica v. St. Jean Fin., Inc.*,
    63 F. Supp. 2d 342 (S.D.N.Y. 1999)............................................................. 13

*Martin v. Franklin Capital Corp.*,
    546 U.S. 132 (2005)......................................................................... 13

*McCarthy Building Cos., Inc. v. RSUI Indem. Co.*,
    No. 4:10CV02063 AGF, 2011 WL 3847401 (E.D. Mo. Aug. 30, 2011) ................... 10, 12

*Millennium Chemicals, Inc. v. Lumbermens Mut. Cas. Co.*,
    No. 1:00 CV 1862, 2001 WL 36515998 (N.D. Ohio Mar. 13, 2001)............................... 10

*Savings First Mortgage, LLC v. National Union Fire Insurance Co.*,
    No. 04-319, 2004 WL 595015 (D. Md. Mar. 22, 2004) .................................................. 10

*Shrader v. Legg Mason Wood Walker, Inc.*,
    880 F. Supp. 366 (E.D. Pa. 1995) ........................................................ 13

*Whitaker v. American Telecasting, Inc.*,
    261 F.3d 196 (2d Cir. 2001).................................................................. 7, 15

*Williams v. State*,
    868 A.2d 1034 (N.J. Super. 2005) ................................................................. 9

**Statutes**

28 U.S.C. § 1332(a) ................................................................................ 10

28 U.S.C. § 1367................................................................................................................... 11

28 U.S.C. §§ 1441 and 1446 ................................................................................................. 4

Defendants Wal-Mart Stores, Inc. and Wal-Mart Transportation, LLC ("Wal-Mart") respectfully submit this brief in opposition to Ohio Casualty Insurance Company ("Ohio Casualty") and Liberty Insurance Underwriters Inc.'s ("Liberty Insurance") (collectively, "plaintiffs") Motion to Remand.  In their Motion to Remand, plaintiffs do not dispute that they improperly named Wal-Mart's other excess liability insurers, QBE Insurance Corporation ("QBE"), St. Paul Fire and Marine Insurance Company ("St. Paul"), and XL Insurance America, Inc. ("XL"), as defendants (collectively, the "Insurer Defendants").  As plaintiffs implicitly concede, the Insurer Defendants are not proper defendants for the simple reason that plaintiffs do not allege any claims against those parties.  To the contrary, plaintiffs' first argument in their Motion to Remand is that the Court should ignore plaintiffs' fraudulent joinder of the Insurer Defendants as defendants and realign the parties because the Insurer Defendants are not true defendants.  Plaintiffs then contradict themselves by arguing that Wal-Mart's Notice of Removal was defective because Wal-Mart failed to obtain the consent of these so-called "defendants" before filing its Notice of Removal.  This Court has already held that joinder of friendly "defendants" under the New Jersey Declaratory Judgment Act is fraudulent, and the rule of unanimity does not apply to fraudulently joined defendants.

At the same time that plaintiffs ask the Court to forgive and correct their own improper pleading, they also seek to impose fees on Wal-Mart for wrongful removal, based on facts that occurred after Wal-Mart removed this case to this Court.  But it was plaintiffs, not Wal-Mart, who failed to obtain consent from the Insurer Defendants before filing suit.  Wal-Mart reasonably believed that XL did not wish to join plaintiffs' New Jersey declaratory judgment action, and thus, complete diversity would still exist regardless of party alignment.  Even if the Court ultimately destroys diversity jurisdiction by realigning the parties now that XL has filed

1

cross-claims against Wal-Mart, plaintiffs are not entitled to fees for their improper pleadings. When remanding cases based on changes to the plaintiffs' pleadings, courts have typically declined to award fees, and have even awarded fees to the defendant. There is no basis for any award of fees against Wal-Mart here.

## BACKGROUND

Plaintiffs Ohio Casualty and Liberty Insurance, and "Insurer Defendants" XL, St. Paul, and QBE sold commercial excess liability insurance policies to defendant Wal-Mart at Wal-Mart's headquarters in Benton County, Arkansas. Those insurance policies obligated plaintiffs to pay on Wal-Mart's behalf (or reimburse Wal-Mart for) a portion of the amounts that Wal-Mart paid as a result of injuries to persons or property caused by Wal-Mart or by Wal-Mart's employees during the policy period.

On June 7, 2014, an accident occurred that triggered plaintiffs' obligations under the insurance policies they had sold to Wal-Mart. A Wal-Mart truck collided with a line of slow-moving vehicles on the New Jersey Turnpike, resulting in the death of one person, serious injuries to others, and significant property damage. One of the injured motorists was the actor Tracy Morgan. Along with three other plaintiffs injured by the accident, Mr. Morgan sued Wal-Mart in the District of New Jersey (the "Survivors Lawsuit"). After the Survivors Lawsuit had been ongoing for nearly a year, Wal-Mart settled the Survivors Lawsuit and other claims resulting from the accident for confidential amounts, which Wal-Mart has already paid.

Some of Wal-Mart's insurers have met their obligations under the insurance policies they sold and have compensated Wal-Mart for a portion of the settlement amounts. Other of Wal-Mart's insurance companies—including the plaintiffs and the Insurer Defendants—have in bad faith refused to consent to the settlements and have refused to pay their portions of the

2

settlements under the insurance policies they sold to Wal-Mart in Arkansas. Plaintiffs' refusal to pay has no effect on any New Jersey residents.

### *The Litigation Proceedings*

On September 30, 2015, Wal-Mart filed suit against Liberty Insurance, Ohio Casualty, XL, St. Paul, and QBE in the Circuit Court of Benton County, Arkansas Civil Division (the "Arkansas Lawsuit"). Dkt. No. 9, Ex. A. In the Arkansas Lawsuit, Wal-Mart seeks a declaration of its rights under the insurance policies, as well as damages for breach of contract, negligent failure to settle claim within policy limits, bad faith failure to settle claim within policy limits, and first-party bad faith arising out of the wrongful failure of Wal-Mart's insurers to provide insurance coverage and contribute to a portion of the settlements of covered actions under their insurance policies. Wal-Mart's Arkansas Lawsuit names five defendants: the plaintiffs here (Ohio Casualty and Liberty Insurance) and also the three fraudulently joined "Insurer Defendants" (QBE, St. Paul, and XL). The Arkansas Lawsuit remains pending.[1]

On October 1, 2015, plaintiffs Ohio Casualty and Liberty Insurance filed a complaint for declaratory relief against Wal-Mart. Dkt. No. 1-1 ("Plaintiffs' Complaint"). Before filing this complaint, plaintiffs apparently did not obtain the consent of the Insurer Defendants to have their disputes resolved in New Jersey, rather than in the pending Arkansas action or in another forum. Instead, plaintiffs attempted to force joinder of the Insurer Defendants in this action by naming each of its co-insurers as a defendant. Rather than seeking relief against these so-called

---

[1] Plaintiffs claim that Wal-Mart orally promised at an April 29, 2015 meeting to give its insurers at least three days' notice before commencing any coverage action against them, and plaintiffs devote several pages of their Motion to Remand to this dubious claim. Wal-Mart denies any such agreement existed. But plaintiffs have admitted that their unfounded allegations have no effect on this Court's jurisdiction or plaintiffs' Motion to Remand, so they do not require any further response from Wal-Mart.

"defendants," plaintiffs sought to obtain declarations and relief on their behalf.[2] Id. ¶¶ 53, 56, 60, 65.

### *Wal-Mart's Notice of Removal*

On October 12, 2015, Wal-Mart removed this case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. Dkt. No. 1. At the time of Wal-Mart's removal (and currently), there was complete diversity between the plaintiffs and all defendants, including the fraudulently joined Insurer Defendants. Wal-Mart was not required to obtain consent for removal from the Insurer Defendants because plaintiffs fraudulently joined those parties. Indeed, "[t]he unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown or nominal party; or (2) where a defendant has been fraudulently joined." *Balazik v. County of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995). This Court has held that fraudulent joinder occurs when a plaintiff names a party with interests aligned with its own as a declaratory judgment defendant, but does not seek any relief against that party. *See First Trenton Indem. Co. v. Chrysler Ins. Co.*, No. 10-2588, 2010 WL 3740841, at *5 (D.N.J. Sept. 20, 2010) (Debevoise, Judge).

On October 19, 2015, *after* Wal-Mart filed its Notice of Removal, fraudulently joined defendant XL answered and "admitted" all of plaintiffs' allegations. Dkt. No. 6. In addition, XL filed cross-claims against Wal-Mart seeking declaratory relief that were almost identical to the relief that plaintiffs sought. *Id.* at 10-19. In its answer, XL did not ask the Court to realign the parties to make it a plaintiff, rather than a defendant and cross-claim plaintiff.

Plaintiffs filed their Motion to Remand the same day that XL filed its answer and cross-claims against Wal-Mart. Dkt. No. 9. In that Motion, plaintiffs' primary argument is that the

---

[2] On October 9, 2015, just before Wal-Mart filed its Notice of Removal, "defendant" QBE answered plaintiffs' complaint, admitted all of the allegations in the lawsuit, and filed cross-claims against Wal-Mart. No other Insurer Defendant filed an answer, brought cross-claims against Wal-Mart, or otherwise expressed any intent to join the lawsuit before Wal-Mart filed its Notice of Removal.

4

Court should ignore plaintiffs' fraudulent joinder of the Insurer Defendants as "defendants" and realign the parties. *Id.* at 1, 14. Doing so would make "defendant" XL, which shares Delaware citizenship with Wal-Mart, a plaintiff, thereby destroying diversity jurisdiction. Indeed, plaintiffs' first heading in the argument section of their brief is as follows: "There is no complete diversity when the Court arranges the parties according to their sides of the dispute." *Id.* at 14. Plaintiffs thus request that the Court ignore their fraudulent joinder of the Insurer Defendants, realign the parties based on XL's filing of cross-claims against Wal-Mart after Wal-Mart removed the case, and award fees to plaintiffs based on this Court's revisions to plaintiffs' improper pleadings.

Three days after plaintiffs filed their Motion to Remand, XL and St. Paul both filed notices of "joinder" in that motion. Dkt. No. 18 (St. Paul); Dkt. No. 19 (XL). In their joinders, XL and St. Paul conceded that "the current status of the pleadings indicates potential diversity jurisdiction." Dkt. No. 18, at 1; Dkt. No. 19, at 1. They further indicated that, if the parties were "realign[ed]," then then this Court would be deprived of diversity jurisdiction. Dkt. No. 18, at 2; Dkt. No. 19, at 2.

## ARGUMENT AND AUTHORITIES

### I.

### Plaintiffs Fraudulently Joined the Insurer Defendants

Under well-established Third Circuit law, plaintiffs' joinder of the Insurer Defendants is fraudulent for two reasons. First, "there is no reasonable basis in fact or colorable ground supporting the claim against" the Insurer Defendants. *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006) (no "colorable ground" supporting claims against non-diverse defendants, where those claims were barred by statute of limitations). Second, Plaintiffs have "no real intention in good

5

faith to prosecute the action against the [Insurer] defendant[s]." *Id.* (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)).

***Plaintiffs do not dispute either of these facts*** – both of which Wal-Mart asserted in its Notice of Removal. In fact, plaintiffs argue exactly the opposite and assert that the Court should remand the case because their interests are completely aligned with the parties they fraudulently joined as defendants. Plaintiffs' only excuse for their joinder of friendly defendants is their incorrect assertion that the New Jersey Declaratory Judgment Act required plaintiffs to join the Insurer Defendants to this lawsuit ***as defendants***. Plaintiffs have not cited any authority for their claim that the Act allows a party to name another party whose interests are aligned with its own as a ***defendant***, rather than a ***plaintiff***. Moreover, this Court has already held that joinder of a friendly party as an interested party "defendant" under the New Jersey Declaratory Judgment Act is fraudulent.

    1.   <u>Plaintiffs Make No "Claim Against the Insurer Defendants"</u>

In this case, not only is there no "reasonable basis in fact or colorable ground" to support the plaintiffs' claims against the Insurer Defendants, *Briscoe*, 448 F.3d at 216, there are not even any "claims against" the Insurer Defendants to begin with. *Id.* The New Jersey Complaint does not make any "claim against" the Insurer Defendants.

Not only does the New Jersey Complaint fail to make any "claim against" the Insurer Defendants (whether "colorable" or otherwise), the Complaint actually does just the opposite—it purports to seek relief on behalf of the Insurer Defendants. Plaintiffs seek, for example, a "declaration that the amount of the settlement of the Morgan Lawsuit is unreasonable and that the plaintiffs and the Insurer Defendants do not have an obligation to reimburse Wal-Mart for such settlement." Plaintiffs' Complaint, Dkt. No. 1-1 ¶ 53; *see also id.* ¶¶ 56, 60, 65. Courts, including this Court, have not hesitated to find fraudulent joinder under similar circumstances

6

when a plaintiff names a party as a declaratory judgment defendant but does not seek any relief from that party. *See First Trenton Indem.*, 2010 WL 3740841, at \*3. *See also Whitaker v. American Telecasting, Inc.,* 261 F.3d 196, 207 (2d Cir. 2001) ("Because the amended complaint does not state a cause of action against RJU or seek any relief against this entity under state law and, to the contrary, seeks relief on behalf of . . . RJU, we find no error with the district court's conclusion that Whitaker fraudulently joined RJU in an attempt to defeat federal diversity jurisdiction.").

2. Plaintiffs Have "No Real Intention in Good Faith to Prosecute the Action" Against the Insurer Defendants

All of plaintiffs' references to the Insurer Defendants in the New Jersey Complaint confirm that plaintiffs have "no real intention in good faith to prosecute the action against the [Insurer] defendant[s]." *Briscoe,* 448 F.3d. at 216 (quoting *Abels,* 770 F.2d at 32). Under well-established law, this Court "must look beyond the allegations of plaintiffs' complaint" in order to determine whether "Plaintiffs' conduct in the instant case is consistent with an intention to actually proceed against at least some [non-diverse] defendants." *Abels*, 770 F.2d at 32.

The New Jersey Complaint makes plain that plaintiffs have no "real intention in good faith" of prosecuting any claim whatsoever against the Insurer Defendants. For example, plaintiffs assert the following in the New Jersey Complaint, all of which indicate that far from prosecuting a claim "against" the Insurer Defendants, plaintiffs instead intended to support the Insurer Defendants:

- "Wal-Mart agreed to the financial terms of the settlement without giving prior notice *to Plaintiffs or the Insurer Defendants,* let alone obtain their consent, in or about February 2015." Dkt. No. 1-1 ¶ 42. (emphasis added).

- "Wal-Mart embarked on a course of action whereby it did not provide *Plaintiffs and the other Insurer Defendants* with the specific documents and information which they had requested in order to evaluate the settlement." *Id.* at ¶ 46. (emphasis added).

7

- "*Plaintiffs and the Insurer Defendants* have declined to reimburse Wal-Mart for the settlement of the Morgan lawsuit, because the amount of such settlement is unreasonable." *Id.* at 48. (emphasis added).

- "*Plaintiffs and the Insurer Defendants* believe that Wal-Mart settled the Morgan Lawsuit prematurely before more information about the liability of Wal-Mart for damages to the Underlying Plaintiffs had been obtained." *Id.* (emphasis added).

Each of the Insurer Defendants has subsequently answered and agreed with all of plaintiffs' allegations, filed cross-claims against Wal-Mart that are nearly identical to plaintiffs' claims, and joined in plaintiffs' motion to remand and request that the Court realign the parties. *See* Dkt. 1, Ex. 2 (QBE Answer and Cross-Claims, filed in N.J. Superior Court on October 9); Dkt. No. 6 (XL Answer and Cross-Claims); Dkt. No. 18 (St. Paul Joinder in Motion to Remand (discussing the "necessary realignment of the parties"); Dkt. No. 19 (XL Joinder) (same).  By now requesting that they be "realigned" as plaintiffs, the other insurers implicitly concede that plaintiffs' naming them as "defendants" was improper and, under well-established precedent, constituted fraudulent joinder.

3. The New Jersey Declaratory Judgment Act Does Not Excuse Plaintiffs' Fraudulent Joinder of Friendly Defendants.

Plaintiffs do not dispute that they have no claims against the Insurer Defendants, that they have no real intent in good faith to pursue any claims against the Insurer Defendants, and that the Insurer Defendants are not true defendants.  Plaintiffs' only excuse for their conduct is their assertion—unsupported by any citation to New Jersey case law—that the New Jersey Declaratory Judgment Act allowed them to name parties against whom they had no claims *as defendants*.  That is not true.  This Court has already held that when a plaintiff in a declaratory judgment action names a party with whose interest in the litigation is aligned with its own as a defendant, such joinder is fraudulent. *First Trenton Indem.*, 2010 WL 3740841, at *3.

8

In *First Trenton*, plaintiff insurer First Trenton paid part of a settlement for its insured and brought a declaratory judgment action against both its co-insurers and the insured. First Trenton sought a declaration that the other insurers were required to reimburse First Trenton for amounts First Trenton paid to settle tort claims against the insured. *Id.* at 1. The insurer defendants removed to this Court. *Id.* First Trenton moved to remand, asserting that there was no diversity jurisdiction because First Trenton and the insured were both citizens of New Jersey and that First Trenton was required to name the insured as a defendant under New Jersey law. *Id.* at *2-3.

The Court held that First Trenton's joinder of the insured *as a defendant* was fraudulent.

> On review of the pleadings in this case, it is clear that Moran's joinder as a defendant was fraudulent. First Trenton's Complaint asserts no causes of action against Moran. It does not allege that he is subject to monetary liability or any other obligation. To the contrary, it seeks declaratory judgment relating only to the obligations of CIC and DCFS. *Therefore, the Court finds no possibility whatsoever that a state court would entertain a claim against Moran, and rules that he was fraudulently joined as a defendant.*

> While Moran may, as asserted by First Trenton, have an interest in the outcome of this litigation, *such an interest does not mean that he may be properly joined as a defendant.*

*Id.* at *10 (emphases added).[3]

This Court's holding in *First Trenton* that the New Jersey Declaratory Judgment Act does not give a party unfettered discretion to name any party with an interest in the litigation as a defendant is consistent with New Jersey case law. In *Williams v. State*, 868 A.2d 1034, 1066 (N.J. Super. 2005), a New Jersey appellate court held that "Although [the New Jersey Declaratory Judgment Act] requires that those 'persons having or claiming any interest' be made

---

[3] The Court in *First Trenton* subsequently realigned the parties so that Moran was a plaintiff, rather than a defendant, thus establishing diversity jurisdiction. *Id.* at 3.

9

parties to the proceeding, *it does not require that they be named a plaintiff or defendant*." (emphasis added).

In the face of this clear authority, plaintiffs have not cited any cases in which a Court held that the New Jersey Declaratory Judgment Act allows a plaintiff to join a party against whom it has no claims and with whom its interests are aligned as a defendant.  In fact, none of the cases plaintiffs cited from any jurisdiction held that a plaintiff may properly designate another party as a defendant when its interests are aligned with those of the plaintiff.  Plaintiffs cite three cases, but on inspection, none supports plaintiffs' position:

- In *McCarthy Building Cos., Inc. v. RSUI Indemnity Co.*, No 4:10CV02063 AGF, 2011 WL 3847401, at *4 (E.D. Mo. Aug. 30, 2011) the court determined that there was no fraudulent joinder of a declaratory action defendant because the "interests of Arch and MKJV are also *sufficiently adverse* to form the basis for declaratory relief." (emphasis added).

- In *Millennium Chemicals, Inc. v. Lumbermens Mut. Cas. Co.*, No. 1:00 CV 1862, 2001 WL 36515998, at * 2 (N.D. Ohio Mar. 13, 2001), the court determined that there was no fraudulent joinder by a plaintiff insured that named its excess insurance carriers as defendants in a declaratory judgment action because "there was a threat of an action that would force [plaintiff] to call on the excess carriers."

- In *Savings First Mortgage, LLC v. National Union Fire Insurance Co.*, No. 04-319, 2004 WL 595015, at *1 (D. Md. Mar. 22, 2004), a Maryland district court held that an insurance company did not fraudulently join the underlying tort claimant, along with the insured, as a defendant in a duty-to-defend lawsuit.

Each of the cases plaintiffs rely on is fundamentally different than the present case because the adverse parties on each side of the "v" were actually adverse in their interests.   Plaintiffs have cited no authority from New Jersey (or anywhere else) for their claim that they may properly name parties whose interests are aligned with their own as defendants, rather than plaintiffs.

4. <u>This Court has Jurisdiction Over All Claims</u>

This Court has diversity jurisdiction over plaintiffs' claims against Wal-Mart pursuant to 28 U.S.C. § 1332(a).  There is complete diversity because Wal-Mart and Plaintiffs are citizens of

10

different states. Plaintiff Ohio Casualty claims to be a citizen of New Hampshire, which is its state of incorporation, and Massachusetts, where its principal place of business is located. Plaintiffs' Complaint, Dkt. No. 1-1 ¶ 10. Plaintiff Liberty Insurance claims to be a citizen of Illinois, which is its state of incorporation, and Massachusetts, where its principal place of business is located. *Id.* ¶ 11.

The citizenship of the Insurer Defendants is irrelevant because those parties were fraudulently joined. *Briscoe*, 448 F.3d at 216 ("In a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named . . . ."). Even if the Insurer Defendants were true defendants, complete diversity would still exist because none of the Insurer Defendants is a citizen of, or has its principal place of business in, the states in which plaintiffs are citizens (New Hampshire, Illinois, and Massachusetts). Plaintiffs do not dispute these facts.

In addition to its diversity jurisdiction over plaintiffs' claims against Wal-Mart, this Court has supplemental jurisdiction over the Insurer Defendants' cross-claims against Wal-Mart. Under 28 U.S.C. § 1367, "In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy..." This Court has supplemental jurisdiction over the cross-claims against Wal-Mart because those claims are so related to plaintiffs' claims that "they form part of the same case or controversy under Article II of the United States Constitution." *Id.*

The only way the Court will not have jurisdiction over any of the claims in this lawsuit is if the Court disregards plaintiffs' improper pleadings and realigns Insurer Defendant XL, which shares Delaware citizenship with Wal-Mart, so that XL is a plaintiff. While Wal-Mart concedes

11

that party realignment and remand may be appropriate if XL remains a party to this lawsuit and persists with its cross-claims against Wal-Mart, realignment is not appropriate in every case where parties have aligned interests. *First Am. Title Ins. Corp. v. JP Morgan Chase & Co.*, 384 F. App'x 64, 66 (3d Cir. 2010) (discussing district court's decision not to realign parties whose interests were aligned). Moreover, at the time Wal-Mart filed its Notice of Removal, XL had not been named as a plaintiff, nor had it filed any cross-claims against Wal-Mart or requested that the Court realign the parties so that XL was adverse to Wal-Mart. Wal-Mart had been given no notice that XL intended to participate in the New Jersey lawsuit at all, based on plaintiffs' failure to name XL as a co-plaintiff in this case. In the underlying Morgan lawsuit, XL and plaintiffs jointly retained and were represented by the same lawyer, Lou Tassan. *See* Dkt. No. 9, Ex. A ¶ 53. Wal-Mart's belief—that XL had not consented to join plaintiffs' lawsuit in New Jersey as a plaintiff—was objectively reasonable based on the facts at the time of removal.

## II.

### Plaintiffs Are Not Entitled to Fees for Wrongful Removal

Even if this Court remands this case after realigning the parties, plaintiffs are not entitled to fees for wrongful removal based on their plaintiffs' own improper pleadings. Nor should the Court require Wal-Mart to pay fees because XL, a non-diverse "defendant," filed cross-claims against Wal-Mart after Wal-Mart filed its Notice of Removal. In their motion, plaintiffs have failed to identify a single case in which a court awarded fees to a plaintiff for improvident removal after changing the plaintiffs' alignment of the parties.[4] In fact, at least one court in the

---

[4] For example, plaintiffs cite *McCarthy Building Cos., Inc. v. RSUI Idemnity Co.*, No. 4:10CV02063 AGF, 2011 WL 3847401 (E.D. Mo. Aug. 30, 2011), at page 29 of their motion. The court in that case declined to award fees to the plaintiff for wrongful removal. "Although Defendants' assertions of fraudulent joinder and misalignment of the parties were not ultimately persuasive, they do not lack an objectively reasonable basis…Therefore the Plaintiffs' motion for attorneys' fees will be denied." *Id.* at 6.

12

Third Circuit awarded fees to a removing *defendant* after remanding a case based on subsequent changes correcting defects in the plaintiffs' pleadings. *See Shrader v. Legg Mason Wood Walker, Inc.*, 880 F. Supp. 366, 368 (E.D. Pa. 1995) (affirming district court's award of fees and costs associated with removal and remand *to the defendant* based on "plaintiff's misleading description of Allen R. as a nominal defendant"); *see also Kunica v. St. Jean Fin., Inc.*, 63 F. Supp. 2d 342, 352 (S.D.N.Y. 1999) (declining to award fees where "it appears that both parties are at fault."). There is no basis to award fees against Wal-Mart based on plaintiffs' "misleading description," *Shrader*, 880 F. Supp. at 368, of the Insurer Defendants as defendants in the complaint—particularly because all insurers now agree that they are not true defendants.

This Court has substantial discretion not to award fees under § 1447(c). Moreover, the Supreme Court has held that, "absent unusual circumstances," a court should not award attorneys' fees under § 1447(c) unless "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see First Am. Title Ins. Corp.*, 384 F. App'x at 66 (holding that district court abused its discretion in awarding fees because defendant's theory of removal was not objectively unreasonable). In determining whether to award fees for wrongful removal, courts generally apply a test of "overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties." *Kunica*, 63 F. Supp. 2d at 351.

All of these factors weigh against an award of fees here. First, plaintiffs now assert, and the Insurer Defendants agree, that plaintiffs' original designation of the Insurer Defendants was improper. *See* Motion to Remand at 1 (stating that "there is no complete diversity when this Court 'arranges the parties according to their sides in the dispute.'"); Dkt. No. 18 at 2, Notice of Joinder by Defendant St. Paul Fire & Marine Insurance Company to Plaintiffs' Motion to

Remand (acknowledging that the "current status of the pleadings indicates potential diversity jurisdiction..."); Dkt. No. 19, Notice of Joinder by Defendant XL (same). Moreover, at the time Wal-Mart filed its Notice of Removal, the only party that was not diverse from Wal-Mart, XL, had not been named as a plaintiff, nor had it filed any cross-claims against Wal-Mart or requested that the Court realign the parties so that XL was adverse to Wal-Mart. Plaintiffs' failure to obtain the consent of XL, who was represented by the same counsel as plaintiffs in the underlying personal injury claims that gave rise to this lawsuit, was a clear sign to Wal-Mart that XL did not wish to participate in the New Jersey lawsuit. XL only answered and filed its cross-claims against Wal-Mart after Wal-Mart removed the case. In light of the party alignment and facts existing at the time of removal, overall fairness clearly weighs against an award of fees here.

Second, the circumstances of remand and the effect on the parties also weigh against awarding fees to plaintiffs. Wal-Mart filed its Notice of Removal less than a week after plaintiffs served their complaint. No discovery had been served, there were no pending motions, and most of the parties had not even answered. Plaintiffs filed their Motion to Remand less than a week later. Immediately following Wal-Mart's Notice of Removal, both the Insurer Defendants and plaintiffs requested that this Court correct plaintiffs' original pleadings so that the parties were aligned according to their true interests in the lawsuit. *See, e.g.,* Dkt. No. 18. Thus, there has not been any delay as a result of Wal-Mart's removal, and the only tangible effect on the parties was to correct plaintiffs' improper pleadings and clarify party alignment. Awarding fees against Wal-Mart is therefore not justified.

Plaintiffs' arguments to the contrary are unavailing and do not establish that Wal-Mart's position on removal was against clearly established law. Plaintiffs assert on page 29 of their

14

motion that "Wal-Mart did not seek or obtain consent to remove the state court action from any of the other defendants in violation of the rule of unanimity," and that Wal-Mart's arguments that consent was not required is "wholly without merit." That argument fails because it is well-established that a defendant need not obtain the consent of fraudulently joined defendants before removal. *See Balazik*, 44 F.3d at 213 n.4. Moreover, this Court has clearly stated that joinder of a "friendly" defendant under the New Jersey Declaratory Judgment Act is fraudulent when that party is more appropriately aligned as a plaintiff. *See First Trenton*, 2010 WL 3740841, at *5. *See also Whitaker*, 261 F.3d at 207 (finding fraudulent joinder when a plaintiff named a friendly party as a defendant under New York's declaratory judgment statute, but sought relief on behalf of that friendly defendant.). Plaintiffs have no authority for their claim that it was proper for them to name parties with interests aligned to their own as defendants. Even if the Court ultimately remands the case to state court, the Court should not find Wal-Mart's removal to be "objectively unreasonable" where plaintiffs have failed to identify any clearly established law in their motion.

Dated: November 2, 2015

*/s/ Steven J. Pudell*

Steven J. Pudell
Janine M. Stanisz
ANDERSON KILL P.C.
One Gateway Center, Suite 1510
Newark, New Jersey 07102
Telephone: (973) 642-5858
Facsimile:  (973) 621-6361
spudell@andersonkill.com
jstanisz@andersonkill.com

William G. Passannante
Diana Shafter Gliedman*
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, New York 10020-1182

15

Telephone: (212) 278-1328
Facsimile:  (212) 278-1733
wpassannante@andersonkill.com
dgliedman@andersonkill.com

Neal Manne (TX Bar No. 12937980)*
Vineet Bhatia (TX Bar No. 00795976)*
Matthew Behncke (TX Bar No. 24069355)*
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666
nmanne@susmangodfrey.com
vbhatia@susmangodfrey.com
mbehncke@susmangodfrey.com

Steven M. Shepard (NY Bar No. 5291232)*
SUSMAN GODFREY LLP
560 Lexington Avenue, Fifteenth Floor
New York, New York 10022 6828
Telephone: (212) 336 8330
Facsimile: (212) 336 8340
sshepard@susmangodfrey.com

*Counsel for Defendants Wal-Mart Stores, Inc. and Wal-Mart Transportation, LLC*

\* Motion for admission *pro hac vice* to be filed

16