Paul R. Koepff, Esq.
Daren S. McNally, Esq.
Clyde & Co US LLP
200 Campus Drive, Suite 300
Florham Park, New Jersey 07932
Telephone: (973) 210-6700
*Attorneys for Plaintiffs Ohio Casualty Insurance Company and Liberty Insurance Underwriters Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON DIVISION**

| | |
|---|---|
| OHIO CASUALTY INSURANCE COMPANY and LIBERTY INSURANCE UNDERWRITERS INC., <br><br> Plaintiffs, <br><br> v. <br><br> WAL-MART STORES, INC. AND WAL-MART TRANSPORTATION, LLC, QBE INSURANCE CORPORATION, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, and XL INSURANCE AMERICA, INC., <br><br> Defendants. | Civil Action No. 3:15-cv-07414-MAS-DEA <br><br> CIVIL ACTION |

**PLAINTIFFS' REPLY BRIEF IN
SUPPORT OF MOTION TO REMAND**

**TABLE OF CONTENTS**

**Page(s)**

SUMMARY ........................................................................................................................ 1

REPLY ARGUMENT ....................................................................................................... 2

    A.   WAL-MART DID NOT OBTAIN CONSENT TO REMOVAL......................................... 2

    B.   THE COURT MUST REALIGN THE PARTIES BY THEIR INTERESTS IN THE DISPUTE .............. 2

    C.   THERE WAS NO FRAUDULENT JOINDER................................................................. 3

        1.   Wal-Mart Completely Overlooked The Key Governing Principles ............................... 3

        2.   There Was No Fraudulent Joinder of XL ....................................................... 4

        3.   There Was No Fraudulent Joinder of the Insurer Defendants ....................... 6

        4.   Plaintiffs Were Required to Name The Insurer Defendants Under The NJDA.............. 7

        5.   Wal-Mart Relied On Wholly Irrelevant Case Law ........................................... 9

    D.   PLAINTIFFS ARE ENTITLED TO RECOVER THEIR FEES AND COSTS................................... 11

CONCLUSION................................................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Dredging Co. v. Atl. Sea Con, Ltd.*,
   637 F. Supp. 179 (D.N.J. 1986) ................................................................................3

*Armstrong World Indus., Inc. v. Aetna Cas. & Sur. Co.*,
   20 Cal. App. 4th 296, 26 Cal. Rptr. 2d 35 (1993), *as modified on denial of reh'g* (Dec. 13, 1993), *superseded on other grounds sub nom. In re Asbestos Ins. Coverage Cases*, 866 P.2d 1311 (Cal. 1994) ................................................................................4

*Balazik v. Cnty. of Dauphin*,
   44 F.3d 209 (3d Cir. 1995) ................................................................................2

*Batoff v. State Farm Ins. Co.*,
   977 F.2d 848 (3d Cir. 1992) ................................................................................3, 4, 8

*Boyer v. Snap-on Tools Corp.*,
   913 F.2d 108 (3d Cir. 1990) ................................................................................3

*Brazenor v. Kwasnik*,
   2013 WL 486135 (D.N.J. Feb. 6, 2013) ................................................................................11

*In re Briscoe*,
   448 F.3d 201 (3d Cir. 2006) ................................................................................10

*Cacoilo v. Sherwin-Williams Co.*,
   902 F. Supp.2d 511 (D.N.J. 2012) ................................................................................2

*Cardillo v. Wal-Mart Stores, Inc.*,
   No. 14-2879-MAS-DEA, 2014 WL 7182525 (D.N.J. Dec. 15, 2014) (Shipp, J.) ................................................................................3, 4

*Condenser Services & Eng. Co., Inc. v. American Mut. Liab. Ins. Co.*,
   45 N.J. Super. 31 (App. Div. 1957) ................................................................................7

*Development Finance Corp. v. Alpha Housing & Health Care, Inc.*,
   54 F.3d 156 (3d Cir. 1995) ................................................................................2

*Doughtery, Clifford & Wadsworth, Corp. v. Magna Group Inc.*,
   2007 WL 2579406 (D.N.J. June 19, 2007) ................................................................................11

*Employers Ins. of Wausau v. Crown Cork & Seal Co.*,
   942 F.2d 862 (3d Cir. 1991) ................................................................................2, 8

*First American Title Ins. Corp. v. JP Morgan Chase & Co.*,
    384 Fed.App'x 64 (3d Cir. 2010)..................................................................................2, 8

*First Trenton Indemnity Co. v. Chrysler Insurance Co.,*
    2010 WL 3740841 (D.N.J. Sept. 20, 2010) ..................................................................9, 10

*Hammer v. Scott*,
    137 Fed.App'x 472 (3d Cir. 2005) ....................................................................................11

*Lindsay Phillips, Inc. v. Global Prod. Dev. Servs., LLC*,
    2009 WL 1973852 (D.N.J. July 7, 2009)..........................................................................12

*Martin v. Franklin Capital Corp.*,
    546 U.S. 132 (2005)...........................................................................................................11

*Neshaminy Mall v. Sports Favorites, Inc.*,
    2008 WL 2019126, *2-3 (E.D. Pa. May 8, 2008).............................................................12

*Paramount Enterprises, Inc. v. Laborers E. Region Org. Fund*,
    2015 WL 5778779 (D.N.J. Sept. 30, 2015) (Shipp, J.)......................................................3

*Potomac Ins. Co. of Ill. v. Pennsylvania Mfr. Ass'n. Ins. Co.*,
    425 N.J. Super. 305, 41 A.3d 586 (App. Div. 2010),
    *aff'd.*, 215 N.J. 409, 3 A.3d 465 (2013) .............................................................................6

*S & T Bank v. Safeco Ins. Co. of Am.*,
    2008 WL 728644 (W.D. Pa. Mar. 17, 2008) ......................................................................9

*State Nat'l Ins. Co. v. County of Bergen*,
    2010 WL 23325 (D.N.J. Jan. 4, 2010) ...........................................................................2, 8

*Step Plan Services, Inc. v. Koresko*,
    219 Fed.App'x 249 (3d Cir. 2007).....................................................................................11

*Tal v. Franklin Mut. Ins. Co.*,
    172 N.J. Super. 112, 410 A.2d 1194 (App. Div. 1980),
    *cert. denied*, 85 N.J. 103, 425 A.2d 267 (1980)................................................................7

*Whitaker v. American Telecasting, Inc.*,
    261 F.3d 196 (2d Cir. 2001)................................................................................................8

*Williams v. State*,
    868 A.2d 1034 (App. Div. 2005) ......................................................................................10

*Yellen v. Teledne Cont'l Motors, Inc.,*
    832 F. Supp.2d 490 (E.D. Pa. 2011) .................................................................................11

**Statutes**

28 U.S.C. § 1447(c) ...............................................................................................................11

New Jersey Declaratory Judgment Act ("NJDA") ................................................................... *passim*

N.J.S.A. § 2A:16-51..................................................................................................................8

N.J.S.A. § 2A:16-56..................................................................................................................7, 8

Plaintiffs Ohio Casualty Insurance Company ("Ohio Casualty") and Liberty Insurance Underwriters Inc. ("LIU") (collectively, "Plaintiffs") respectfully submit this reply brief in support of their Motion to Remand and in response to the opposition brief of Wal-Mart Stores, Inc. and Wal-Mart Transportation, LLC (collectively, "Wal-Mart").

## **SUMMARY**

This is an action that should have never been removed to federal court, and now it should be remanded to the Superior Court for Middlesex County. At the outset, because Wal-Mart never obtained the consent of all defendants in removing the action, removal was improper, and for this reason alone, this action should be remanded.

Moreover, there is no complete diversity in this action. Under controlling decisions rendered by the Third Circuit, the Court must realign Wal-Mart, on the one hand, and all of its insurers, on the other hand, because the insurers are disputing that they owe any coverage to Wal-Mart. Plaintiffs cited compelling Third Circuit decisions demonstrating that such realignment is required in this situation. Wal-Mart ignored these decisions in its opposition. Once this Court realigns the parties, there is no complete diversity because XL and the two Wal-Mart entities are citizens of Delaware, which Wal-Mart did not dispute.

Wal-Mart's only argument in opposition to remand is that Plaintiffs fraudulently joined QBE, St. Paul, and XL. In making that argument, however, Wal-Mart completely ignored the controlling principles established by the Third Circuit and this Court that preclude or limit Wal-Mart from arguing fraudulent joinder. Those principles demonstrate that Wal-Mart's arguments on fraudulent joinder fail as a matter of well-established law, its removal was improper, and now this action should be remanded. Contrary to Wal-Mart's arguments, Plaintiffs properly named XL as a defendant because XL was an equal participant in the *quota-share* layer in which LIU and Ohio Casualty participate. As such, naming XL as a defendant was clearly appropriate and

1

certainly not fraudulent. Finally, naming QBE, St. Paul, and XL was entirely appropriate and, in fact, necessitated by New Jersey law and practice. Indeed, there are numerous decisions by the Third Circuit and other courts rejecting fraudulent joinder arguments and remanding because the claims at issue sought declaratory relief just like the claims asserted by Plaintiffs in this action.

## **REPLY ARGUMENT**

### A.  Wal-Mart Did Not Obtain Consent To Removal

Wal-Mart concedes that it did not obtain consent to removal from any of the insurer defendants, let alone all of them. Opposition 4 ("Opp."). The rule of unanimity requires consent to removal from all defendants even where there is complete diversity and without regard to whether their interests are or are not aligned with Wal-Mart's interests. For that reason alone, remand of this action is absolutely required under the rule of unanimity. *See, e.g.*, *Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995); *Cacoilo v. Sherwin-Williams Co.*, 902 F. Supp.2d 511, 516-18 (D.N.J. 2012). *See also* Brief 18-19.

### B.  The Court Must Realign The Parties By Their Interests In The Dispute

The Third Circuit has held that this Court has a "duty" to realign the parties. *See, e.g.*, *Development Finance Corp. v. Alpha Housing & Health Care, Inc.*, 54 F.3d 156, 159 (3d Cir. 1995). Moreover, the Third Circuit has repeatedly held that, as here, where various insurers are named as defendants alongside the insured and where there is a dispute over any coverage, as is also the case here, the parties must be realigned such that the insured is deemed adverse to its insurers. *See, e.g., Employers Ins. of Wausau v. Crown Cork & Seal Co.,* 942 F.2d 862, 864-66 (3d Cir. 1991) ("Despite the different theories advanced by the insurers, they are joined in their common goal of avoiding obligations to [the insured]"); *First American Title Ins. Corp. v. JP Morgan Chase & Co.*, 384 Fed.App'x 64, 66 (3d Cir. 2010) (courts should realign insurers, even potentially adverse insurers, to be on the same side of the lawsuit for diversity purposes); *State*

2

*Nat'l Ins. Co. v. County of Bergen*, 2010 WL 23325, *4 (D.N.J. Jan. 4, 2010) (realigning insurers as adverse to the insured and dismissing case for lack of jurisdiction). *See also* Brief 14-18.

Wal-Mart agrees realignment of the parties is required. Opp. 11-12. Here, realignment is required, because the interests of all five insurers, whether plaintiffs or defendants, are adverse to Wal-Mart. Indeed, Wal-Mart has sued all five insurers in its own Arkansas action. The cross-claims filed in this action by the three insurer defendants against Wal-Mart show that they are adverse to Wal-Mart. Nowhere did Wal-Mart attempt to show that the interests of any of the five insurers, let alone all of them, could possibly be aligned with its interests.

## C. There Was No Fraudulent Joinder

### 1. Wal-Mart Completely Overlooked The Key Governing Principles

At the outset, in opposing this Remand Motion, Wal-Mart utterly ignored the governing principles that apply in addressing its fraudulent joinder argument: (1) Wal-Mart has a "heavy burden of persuasion" to establish fraudulent joinder, *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990); (2) the removal statutes are strictly construed in favor of remand and against removal, *Cardillo v. Wal-Mart Stores, Inc.*, No. 14-2879-MAS-DEA, 2014 WL 7182525, *2 (D.N.J. Dec. 15, 2014) (Shipp, J.); (3) all doubts about removal are resolved in favor of remand, *Paramount Enterprises, Inc. v. Laborers E. Region Org. Fund*, 2015 WL 5778779, *3 (D.N.J. Sept. 30, 2015) (Shipp, J.); (4) Wal-Mart is required to establish fraudulent joinder "*by clear and convincing evidence*," *Am. Dredging Co. v. Atl. Sea Con, Ltd.*, 637 F. Supp. 179, 183 (D.N.J. 1986); (5) joinder can only be fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment," *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3d Cir. 1992); and (6) in order to establish fraudulent joinder, Wal-Mart must show the claims asserted are non-colorable and are "wholly insubstantial and

3

frivolous." *Batoff*, 977 F.2d at 852; *Cardillo*, 2014 WL 7182525, at *2. Wal-Mart has no excuse for ignoring these principles, because Plaintiffs discussed them at length. Brief 20-21.

Wal-Mart also ignored decisions by the Third Circuit and this Court that have repeatedly held that there is no fraudulent joinder:

> [i]f there is even a *possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.

*Batoff*, 977 F.2d at 851 (citations omitted) (emphasis added). Contrary to Wal-Mart's opposition, a fraudulent joinder inquiry is not a motion to dismiss, and "the ultimate sufficiency of the allegations contained in the Complaint is not the focus of the Court's determination." *Cardillo*, 2014 WL 7182525, at *2.

### 2. There Was No Fraudulent Joinder Of XL

Wal-Mart conceded, as it had to, that LIU, Ohio Casualty and XL are *quota-share* insurers sharing equally in the same layer of excess insurance. As a consequence, these three insurers each pay an equal share of any covered amounts that exceed the attachment point of this quota layer of excess coverage.[1] Wal-Mart wholly failed to address Plaintiffs' compelling argument that there could not be any fraudulent joinder of XL in this matter due to the *quota-share* relationship among LIU, Ohio Casualty, and XL. Brief 21-23. For this reason, Plaintiffs sought declaratory relief not only as to Wal-Mart, but also as to XL (as their *quota-share* insurer) in each of their four counts for relief. Complaint ¶¶ 50-65. These claims for declaratory relief against XL are more than a colorable claim and are supported by a reasonable basis in fact.

Because of the *quota-share* relationship between Plaintiffs and XL, any declaratory

---

[1] In colloquial terms, *quota-share* insurers share equally in the "same ball of wax". *See Armstrong World Indus., Inc. v. Aetna Cas. & Sur. Co.*, 20 Cal. App. 4th 296, 26 Cal. Rptr. 2d 35, 101 (1993), *as modified on denial of reh'g* (Dec. 13, 1993), *superseded on other grounds sub nom. In re Asbestos Ins. Coverage Cases*, 866 P.2d 1311 (Cal. 1994).

4

judgment entered by a court concerning one insurers' insurance coverage would be equally applicable to the other two *quota-share* insurers. It was necessary for Plaintiffs to include XL as a defendant to this action in order to ensure there were consistent declaratory judgments as to these three *quota-share* insurers. Accordingly, Plaintiffs naming XL as a defendant and seeking declaratory relief as to the *quota-share* layer in which LIU, Ohio Casualty and XL participated equally is clearly not "wholly insubstantial and frivolous." XL could not possibly be deemed to be fraudulently joined. Wal-Mart has not met its "heavy burden" of persuasion, nor demonstrated by "clear and convincing evidence" that XL was fraudulently joined.[2]

Without citing a single decision, Wal-Mart contended that removal is somehow still appropriate because "Walmart had been given no notice that XL intended to participate" in this lawsuit. Opp. 11. Whether Wal-Mart was or was not given notice that XL would be named a defendant in this lawsuit is wholly irrelevant and not a requirement for remand as a matter of law. If anything, having sued XL in Arkansas, it should have come as no surprise that XL would be included in this action as a defendant, especially because it was an equal *quota-share* insurer with Plaintiffs. Indeed, this argument is hollow, because XL itself has always contested coverage under this *quota-share* layer. Furthermore, XL has now filed a cross claim against Wal-Mart also seeking essentially the same declaratory relief against Wal-Mart as do LIU and Ohio Casualty. Dkt. 6. In any event, what counts for remand purposes is that XL's interests are the same as Plaintiffs and the other insurers and are adverse to Wal-Mart.

Wal-Mart's oblique and confusing references that "XL did not wish to join plaintiffs' New Jersey declaratory judgment action" and that it "had been given no notice that XL intended

---

[2] In addition, Wal-Mart cannot dispute that in its Arkansas action it is asserting claims against the three *quota-share* insurers for their alleged improper use of associating defense counsel. Dkt. 9-3, Arkansas Complaint ¶ 53.

to participate in the New Jersey lawsuit at all, based on plaintiffs' failure to name XL as co-plaintiff in this case" are non-sequiturs with no bearing on whether Plaintiffs properly named XL as a defendant. Opp. 1, 12. And, of course, XL has joined in this Remand Motion. Dkt. 19. In short, Plaintiffs did not fraudulently join XL and properly seek declaratory relief as to XL.

### 3. There Was No Fraudulent Joinder Of The Insurer Defendants

There was no fraudulent joinder of the insurer defendants. In each of the four counts for declaratory relief, Plaintiffs sought the same declaratory relief as to QBE, St. Paul, and XL. Complaint ¶¶ 50-65. Indeed, QBE, St. Paul, and XL have asserted cross-claims against Wal-Mart seeking essentially the same declaratory relief against Wal-Mart, which LIU and Ohio Casualty are seeking.[3] Dkt. 1-3; Dkt. 6; Dkt. 12. For example, any determination of a reasonable settlement value impacts all of the insurers, and especially LIU, Ohio Casualty and XL, which have higher attachment points than QBE and St. Paul.[4] *See also Potomac Ins. Co. of Ill. v. Pennsylvania Mfr. Ass'n. Ins. Co.*, 425 N.J. Super. 305, 325-326, 41 A.3d 586, 599 (App. Div. 2010), *aff'd.*, 215 N.J. 409, 3 A.3d 465 (2013) (failure of an insurer to implead other insurers in a coverage dispute was "inconsistent with the public policy behind the entire controversy doctrine, which is based on equitable principles intended to discourage fragmentation of litigation and to encourage the joinder of related claims in a single suit").

Moreover, Wal-Mart's inclusion of all of the insurer defendants as parties in the Arkansas lawsuit demonstrates that they have a real interest in a coverage determination in this lawsuit. Wal-Mart cannot reasonably argue Plaintiffs' claims for declaratory relief in this New Jersey

---

[3] In addition, QBE and St. Paul have joined in Plaintiffs' Remand Motion. Dkt. 18; Dkt. 23.
[4] Wal-Mart makes the spurious argument that Plaintiffs have no real intention to prosecute the action against the insurer defendants. Opp. 7-8. Nothing could be farther from the truth. Plaintiffs will be seeking declarations that there is no coverage for the underlying settlements and, in light of the cross claims asserted by QBE, St. Paul, and XL, they too will be seeking declarations as to coverage. Accordingly, Plaintiffs have every intention to prosecute their claims for declaratory relief as to Wal-Mart and the insurer defendants.

action, which involve the same insurers, same insurance policies, and same underlying claims as those at issue in Wal-Mart's Arkansas action, are fraudulent. Further, Wal-Mart's Arkansas action repeatedly asserted acts allegedly committed by all insurers as a group and does not differentiate its coverage claims between various the insurers. *See, e.g.*, Dkt. 9-3, Arkansas Complaint ¶¶ 50-52, 80-81. Accordingly, it is clear that the inclusion of the other insurers in seeking declaratory relief as to common coverage issues involving them is in no way "wholly insubstantial and frivolous," and they were not fraudulently joined.

**4. Plaintiffs Were Required To Name The Insurer Defendants Under The NJDA**

Wal-Mart's argument that Plaintiffs cannot rely on claims for declaratory relief under the New Jersey Declaratory Judgment Act ("NJDA") as a basis to join the insurer defendants is wholly without merit. Opp. 8-10. Under the plain language of the NJDA and clear case authority, Plaintiffs are permitted, if not required, to include the insurer defendants as parties to this action. Brief 24-28; *see also Condenser Service & Eng. Co., Inc. v. American Mut. Liab. Ins. Co.,* 45 N.J. Super. 31, 38 (App. Div. 1957) ("No more fertile ground exists for the use of the declaratory judgment procedure than in the field of insurance"). Thus, there could be no fraudulent joinder when Plaintiffs sought declaratory relief as to these other insurers as permitted under the NJDA.

Wal-Mart's contention that Plaintiffs' reliance on the NJDA is "unsupported by any citation to New Jersey case law" is patently erroneous. Opp. 8. In their Brief (p. 26), Plaintiffs cited *Tal v. Franklin Mut. Ins. Co.*, 172 N.J. Super. 112, 410 A.2d 1194 (App. Div. 1980), *cert. denied*, 85 N.J. 103, 425 A.2d 267 (1980), which supports Plaintiffs naming the insurers as defendants in this declaratory judgment action. In that case, the Court held that under the NJDA (N.J.S.A. § 2A:16-56), "[m]anifestly, it was the obligation of those seeking declaratory relief (in this matter both the insurance carrier and the insureds) to join all persons having or claiming any interest which would be affected by the declaration." *Id.* at 1195-96. Here, Plaintiffs were

7

likewise obligated to include all of the insurer defendants under the NJDA and, therefore, there was no fraudulent joinder.[5]

Wal-Mart simply ignored the clear statutory language of the NJDA which expressly provides that Plaintiffs "shall" name as parties "all persons having or claiming any interest which would be affected by the declaration" and mandates that it should be "liberally construed and administered." N.J.S.A. § 2A:16-51, 56. Wal-Mart did not, and cannot, deny that the insurer defendants have an interest in the outcome of this declaratory judgment action, since Wal-Mart itself named them as defendants in its Arkansas lawsuit. It is demonstrably clear that Plaintiffs' action for declaratory relief by necessity must include the insurer defendants as interested parties under the requirements of N.J.S.A. § 2A:16-56. Because the insurer defendants clearly have an interest in this litigation, they cannot be deemed fraudulently joined.[6]

There are numerous decisions by the Third Circuit and this Court granting motions to remand where the claims at issue sought declaratory relief. *See*, *e.g.*, *Employers Ins. of Wausau*, 942 F.2d 862, 863 (remanding case where insurers sought declaratory relief as to coverage under insurance policies); *First American Title Ins. Corp.*, 384 Fed.App'x 64, 65 (remanding case where plaintiff insurer alleged declaratory relief claims); *State National Ins. Co.*, 2010 WL

---

[5] Without citing any authority whatsoever, Wal-Mart contends that a party is fraudulently joined because it is allegedly "friendly." Opp. 6. Wal-Mart does not describe the legal elements – likely because it is a fabricated concept – of when a party is "friendly." In fact, Wal-Mart cited to *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001), for the proposition that joinder was fraudulent when a "friendly" defendant was joined under New York's declaratory judgment act. However, no relief whatsoever was sought as to the "friendly" party, which is not the case here, and the court did not apply any of the applicable fraudulent joinder rules stated herein. In any event, Plaintiffs have asserted claims for declaratory relief as to the other insurers as well as Wal-Mart under the NJDA which demonstrates that they were not fraudulently joined.

[6] As noted above, for the purposes of removal and remand, the question is not whether Plaintiffs can ultimately sustain their claims under the NJDA, but whether Wal-Mart meets its heavy burden of persuasion to demonstrate Plaintiffs' claims are "wholly frivolous and insubstantial," which Wal-Mart clearly has failed to show. *See Batoff,* 977 F.2d at 851.

23325, *1 (remanding case where insurer plaintiff asserted declaratory relief seeking a declaration that it has no coverage obligation).

A case squarely addressing Plaintiffs' obligation to include all interested parties under the statutory language of the NJDA is *S & T Bank v. Safeco Ins. Co. of Am.*, 2008 WL 728644, *5 (W.D. Pa. Mar. 17, 2008). In that case, the plaintiff filed declaratory relief claims against the defendant insurer and a second, non-diverse, party. The defendant insurer removed the case and argued that the second, non-diverse, defendant was fraudulently joined. The court rejected that argument based upon the provisions of the declaratory relief act which required "all persons who have or claim *any* interest shall be made parties." The court held that, under the language of the statute, not only did the non-diverse defendant have an interest "insofar as a declaration may affect its rights, but [the defendant] *has also claimed an interest as well*" by appearing and asserting claims in the action. *Id.* at *5 (emphasis added). Therefore, this case demonstrates there was no fraudulent joinder here because the Plaintiffs were permitted, if not required, to name the insurer defendants who clearly have an interest under the NJDA.

### 5. Wal-Mart Relied On Wholly Irrelevant Case Law

In opposing the Motion to Remand, Wal-Mart did *not* address a *single* decision of the Third Circuit or this Court cited and relied up by the Plaintiffs in their Brief. Thus, Wal-Mart did not challenge in any way Plaintiffs' recitation of law as to removal or remand.

Moreover, none of the decisions relied upon by Wal-Mart are of any assistance in opposing Plaintiffs' Motion. For several reasons, Wal-Mart's reliance on *First Trenton Indemnity Co. v. Chrysler Insurance Co.,* 2010 WL 3740841 (D.N.J. Sept. 20, 2010), a non-binding, unpublished opinion, is entirely misplaced. Opp. 8-9. At the outset, just as Plaintiffs have demonstrated here, in *First Trenton*, the court realigned the parties based on their "common goal." *Id.* at *6. In this matter, that means the five insurers are aligned against Wal-Mart, because

Wal-Mart's "common goal" is to obtain coverage from the five insurers, and the five insurers are contesting that. In addition, the plaintiff "assert[ed] no causes of action against" the defendant, who did not appear and was found to be fraudulently joined, nor did the complaint allege that this defendant was subject to any monetary liability or "other obligations" and, therefore, "there was no possibility whatsoever that a state court would entertain a claim against" the defendant. *Id.* at *5. Here, as demonstrated, Plaintiffs have named QBE, St. Paul, and XL in each of the four counts seeking declaratory relief, and each of these insurer defendants is subject to claims of monetary liability, albeit asserted by Wal-Mart. In addition to all of the foregoing, the court held that the claims against the fraudulently joined defendant were entirely "speculative," but here, for all the reasons set forth, the claims for declaratory relief are real, specific, and concrete.

Likewise, *In re Briscoe*, 448 F.3d 201 (3d Cir. 2006), does not support Wal-Mart's arguments. This case did not involve any dispute between the insured and insurers. To the contrary, the case involved claims by the plaintiff against non-diverse physicians, which were barred by the statute of limitations. By looking beyond the pleadings at the statute of limitations, the court concluded the non-diverse defendants were fraudulently joined because the plaintiff's claims were time barred. *Id.* at 209. In this matter, there are clearly no procedural bars to Plaintiffs' assertion of its declaratory relief claims against Wal-Mart and the insurer defendants.

Finally, Wal-Mart's reliance on *Williams v. State*, 868 A.2d 1034 (App. Div. 2005), is equally misplaced. Opp. 9-10. *Williams* is not an insurance coverage case involving claims between an insurer and the insured. The case *does not* address fraudulent joinder. The phrase cited by Wal-Mart – "[the NJDA] does not require that they be named a plaintiff or defendant" – was a snippet taken out of context which was directed to the very specific circumstances presented by the intervenor's party status in that case. *Id.* at 1066. In stark contrast, Plaintiffs

cited numerous decisions that under the NJDA, they were permitted to, if not required to, name the other insurers as defendants in this declaratory judgment action. Brief 24-28.

**D.  Plaintiffs Are Entitled To Recover Their Fees And Costs**

Plaintiffs are entitled to costs and fees upon remand. This Court has broad discretion under 28 U.S.C. § 1447(c) to award fees if "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Wal-Mart admittedly never obtained consent from any defendant, let alone all. That alone precluded removal. The Third Circuit and this Court have awarded fees and costs where the removing party failed to obtain consent from all defendants. *See, e.g., Step Plan Services, Inc. v. Koresko*, 219 Fed.App'x 249, 250 (3d Cir. 2007); *Hammer v. Scott*, 137 Fed.App'x 472, 475 (3d Cir. 2005); *Brazenor v. Kwasnik*, 2013 WL 486135, *3-4 (D.N.J. Feb. 6, 2013); *Doughtery, Clifford & Wadsworth, Corp. v. Magna Group Inc.*, 2007 WL 2579406, *4-6 (D.N.J. June 19, 2007). The requirement of getting unanimous consent is not dependent on realigning the parties, which makes Wal-Mart's failure to obtain consent inexcusable.

Next, Wal-Mart's fraudulent joinder argument is disingenuous and utterly fails as a matter of law in light of the controlling principles enunciated by the Third Circuit and this Court precluding or limiting any argument based on fraudulent joinder. Nowhere in its opposition did Wal-Mart even attempt to explain how and why there could be any fraudulent joinder in light of these principles. If that was not enough, Wal-Mart acknowledged that it was entirely appropriate for Plaintiffs to seek declaratory relief as to XL, because XL was an equal *quota-share* insurer with Plaintiffs. Likewise, if Wal-Mart had looked at the NJDA and case law applying that Act, it would have seen that Plaintiffs are permitted and, possibly required, to name as defendants QBE, St. Paul and XL. Accordingly, the Court may award Plaintiffs their fees and costs because Wal-Mart improperly asserted a fraudulent joinder argument in removing this action. *See*, *e.g.*, *Yellen*

11

*v. Teledne Cont'l Motors, Inc.,* 832 F. Supp.2d 490, 508-509 (E.D. Pa. 2011); *Lindsay Phillips, Inc. v. Global Prod. Dev. Servs., LLC*, 2009 WL 1973852, *4 (D.N.J. July 7, 2009); *Neshaminy Mall v. Sports Favorites, Inc.*, 2008 WL 2019126, *2-3 (E.D. Pa. May 8, 2008).

## CONCLUSION

The Court should grant Plaintiffs' motion to remand, award Plaintiffs their fees and costs in making this remand motion, and grant such other and further relief as may be just and proper.

Dated: November 6, 2015
      Florham Park, New Jersey

                                        CLYDE & CO US LLP

                                        By: *s/ Paul R. Koepff*
                                            *s/ Daren S. McNally*
                                          Paul R. Koepff
                                          Daren S. McNally
                                          200 Campus Drive, Suite 300
                                          Florham Park, New Jersey 07932
                                          Telephone: (973) 210-6700
                                          Facsimile: (973) 210-6701
                                          Paul.koepff@clydeco.us
                                          Daren.mcnally@clydeco.us
                                          *Attorneys for Plaintiffs Ohio Casualty Insurance Company and Liberty Insurance Underwriters Inc.*