**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| OHIO CASUALTY INSURANCE<br>COMPANY, et al.,<br><br>              Plaintiffs,<br><br>       v.<br><br>WAL-MART STORES, INC., et al.,<br><br>              Defendants. | Civil Action No. 15-7414 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiffs Ohio Casualty Insurance Company ("Ohio Casualty") and Liberty Insurance Underwriters Inc.'s ("LIU") (collectively, "Plaintiffs") motion to remand this case to the Superior Court of New Jersey, Middlesex County pursuant to 28 U.S.C. § 1447(c). (ECF No. 9.) Defendants St. Paul Fire and Marine Insurance Company ("St. Paul"), XL Insurance America, Inc. ("XL"), and QBE Insurance Corporation ("QBE") (collectively, "Insurer Defendants") join in Plaintiffs' motion to remand. (ECF Nos. 18, 19, 23.) Defendants Wal-Mart Stores, Inc. and Wal-Mart Transportation, LLC (collectively, "Wal-Mart Defendants") opposed the motion (ECF No. 28), and Plaintiffs replied (ECF No. 30). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiffs' motion to remand is granted.

### I.    Background

This is an insurance coverage declaratory judgment action brought by Plaintiffs pursuant to the New Jersey Declaratory Judgment Act, N.J.S.A. 2A:16-50. Plaintiffs seek a declaration that

they, and Insurer Defendants, do not have an obligation to reimburse Wal-Mart Defendants for settlement amounts paid in connection with an underlying personal injury lawsuit because: the settlement was unreasonable; Wal-Mart Defendants failed to cooperate or obtain prior consent; and a portion of the settlement is attributable to punitive damages. (*See generally* Compl., ECF No. 1-2.)

On October 12, 2015, Wal-Mart Defendants removed this action. (Notice of Removal, ECF No. 1.) In their Notice of Removal, Wal-Mart Defendants assert that Plaintiffs filed this action in New Jersey state court one day after Wal-Mart Defendants filed a complaint in the Circuit Court of Benton County, Arkansas Civil Division, against Plaintiffs and Insurer Defendants seeking a declaration of their rights under the insurance policies issued by each insurer. (*Id.* ¶ 6.) Wal-Mart Defendants additionally assert that Plaintiffs fraudulently joined Insurer Defendants in this action because Plaintiffs have not stated any causes of action against them and do not seek any relief from them. (*Id.* ¶ 8.) Wal-Mart Defendants removed this case expressly on the basis of diversity jurisdiction[1] because there is complete diversity between Plaintiffs and Wal-Mart Defendants and "[t]he citizenship of the Insurer Defendants is irrelevant because those parties were fraudulently joined." (*Id.* ¶¶ 12-16.)

Ohio Casualty is an insurance company organized under the laws of New Hampshire with its principal place of business in Massachusetts. (Compl. ¶ 10.) LIU is an insurance company organized under the laws of Illinois with its principal place of business in Massachusetts. (*Id.* ¶ 11.) St. Paul is an insurance company organized under the laws of Connecticut with its principal

---

[1] "To establish diversity jurisdiction under 28 U.S.C. § 1332(a), the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000." *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010).

place of business in Connecticut. (*Id.* ¶ 15.) XL is an insurance company organized under the laws of Delaware with its principal place of business in Connecticut. (*Id.* ¶ 16.) QBE is an insurance company organized under the laws of Pennsylvania with its principal place of business in New York. (*Id.* ¶ 14.) Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in Arkansas. (*Id.* ¶ 12.) Wal-Mart Transportation LLC is a wholly owned subsidiary of Wal-Mart Stores, Inc.[2] (*Id.* ¶ 13.) Plaintiffs, joined by Insurer Defendants, move to remand this action back to state court for lack of subject matter jurisdiction. Specifically, Plaintiffs argue that this Court lacks subject matter jurisdiction because, when the Court arranges the parties according to their sides of the dispute, complete diversity of citizenship does not exist.

## II.   **Legal Standard**

Under § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). Thus, where a federal court lacks subject matter jurisdiction over a case removed from state court, the case must be remanded. The law is clear in this Circuit, that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)). The removal statute "is to be strictly construed against removal, so that the Congressional intent to restrict federal diversity jurisdiction is honored." *Samuel-Bassett*, 357 F.3d at 396 (citing *Boyer v. Snap-On Tools*

---

[2] A limited liability company that is a wholly owned subsidiary of a corporation shares the citizenship of its parent corporation for purposes of jurisdiction. *See One Commc'ns Corp. v. Sprint Nextel Corp.*, 495 F. Supp. 2d 219, 224 (D. Mass. 2007) (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Cattie v. Wal-Mart Stores, Inc.*, No. 06-0897, 2007 WL 935582, at *1 (S.D. Cal. Mar. 21, 2007)).

*Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)). "This policy 'has always been rigorously enforced by the courts.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

III.   **Analysis**

Plaintiffs, joined by Insurer Defendants, argue that this case should be remanded to state court because complete diversity of citizenship does not exist when the parties are arranged according to their sides in the dispute. (Pls.' Moving Br. 14-18, ECF No. 9-1.)  Specifically, Plaintiffs argue that Insurer Defendants should be realigned with Plaintiffs for purposes of determining jurisdiction. Once realigned, complete diversity does not exist because XL and Wal-Mart Defendants are all citizens of Delaware and on opposite sides of the dispute. (*Id.*)

In response, Wal-Mart Defendants do not address Plaintiffs' realignment argument, but instead argue that the citizenship of Insurer Defendants is irrelevant because they were fraudulently joined. (Wal-Mart Defs.' Opp'n Br. 11, ECF No. 28.)  In support of their argument, Wal-Mart Defendants place significant reliance on the Honorable Dickinson R. Debevoise, U.S.D.J.'s decision in *First Trenton Indemnity Co. v. Chrysler Insurance Co.*, No. 10-2588, 2010 WL 3740841 (D.N.J. Sept. 20, 2010). (*Id.* at 4, 6-10.)  In *First Trenton*, there was an insurance coverage dispute between multiple insurers and the insured was named as a defendant in the action. *Id.* at 1. The plaintiff moved to remand the action to state court, and the defendant insurers argued both that the insured was fraudulently joined as a defendant and that he should be realigned as a plaintiff for purposes of determining diversity jurisdiction. *Id.*  Judge Debevoise found that the insured's joinder as a defendant was fraudulent, however, he also determined that the insured was more properly classified as a plaintiff and realigned him as such for determining diversity jurisdiction. *Id.* at 5-6. Wal-Mart Defendants only address Judge Debevoise's holding regarding realignment in a footnote, stating: "The Court in *First Trenton* subsequently realigned the parties

so that [the insured] was a plaintiff, rather than a defendant, thus establishing diversity jurisdiction." (Wal-Mart Defs.' Opp'n Br. 9, n.3.) In light of *First Trenton*, Wal-Mart Defendants' argument fails to connect how this Court's determination of the fraudulent joinder issue would have any effect over its determination of realignment of the parties. It is Wal-Mart Defendants' burden to establish that this case was properly removed as it is the party asserting federal jurisdiction. As Wal-Mart Defendants do not delineate why their fraudulent joinder argument has any bearing on the outcome of this motion, the Court declines to reach the issue.[3]

The Supreme Court has held that "[d]iversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who [are] defendants." *City of Indianapolis v. Chase Nat. Bank of City of N.Y.*, 314 U.S. 63, 69 (1941). This is because, the Supreme Court reasoned, that litigation is "not a game of chess," and therefore, "it is [the duty] of the lower federal courts[] to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute.'" *Id.* (quoting *Dawson v. Columbia Ave. Sav. Fund, Safe Deposit, Title & Trust Co.*, 197 U.S. 178, 180 (1905)). In determining whether parties should be realigned, the Third Circuit applies the "'principal purpose' or 'primary issue' test, under which a court must first identify the primary issue in controversy and then determine whether there is a real dispute by opposing parties over that issue." *Emp'rs Ins. of Wausau v. Crown Cork & Seal Co.*, 942 F.2d 862, 864 (3d Cir. 1991).

Here, Plaintiffs' primary purpose of bringing this action is seeking a declaration that they, as well as Insurer Defendants, do not have an obligation to reimburse Wal-Mart Defendants related to the settlement in the underlying action. This purpose is further demonstrated by Wal-Mart

---

[3] The Court also declines to reach the parties' additional argument regarding the necessity of consent of all defendants to remove an action because realignment of the parties destroys diversity jurisdiction.

Defendants' similar Arkansas action against Plaintiffs and Insurer Defendants. Additionally, since Wal-Mart Defendants' Notice of Removal was filed, all of the Insurer Defendants have filed answers and asserted cross-claims against Wal-Mart Defendants. (ECF Nos. 1-2, 6, 12.) It is clear that Plaintiffs and Insurer Defendants are joined in the common goal of avoiding obligations to Wal-Mart Defendants related to the settlement in the underlying action. Therefore, Insurer Defendants are more properly classified as plaintiffs and will be realigned as such to determine jurisdiction.

The realignment of Insurer Defendants, specifically XL, results in a lack of diversity between plaintiffs and defendants because XL and Wal-Mart Defendants are all citizens of Delaware. Accordingly, as this Court lacks subject matter jurisdiction, the motion to remand will be granted.

## IV.   **Costs and Fees**

Plaintiffs also seek recovery of costs and attorneys' fees associated with their motion to remand pursuant to 28 U.S.C. § 1447(c). (Pls.' Moving Br. 28-30.) Under § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A court may award costs and attorney's fees if the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Plaintiffs argue that this Court should award costs and fees because of "Wal-Mart's wholly improper attempt to remove the New Jersey lawsuit in contradiction of clear case law holding that there are no grounds for finding fraudulent joinder by Plaintiffs." (Pls.' Moving Br. 28.) Wal-Mart Defendants contend that this Court has substantial discretion not to award fees and, here, fees should not be awarded because, inter alia, at the time of removal non-diverse XL had not been named a plaintiff nor had it filed any cross-

claims against Wal-Mart. (Wal-Mart Defs.' Opp'n Br. 13-14.) Here, an award of costs and fees is not appropriate. Even though this Court did not reach the fraudulent joinder argument, and thus the subsequent consent argument, Plaintiffs' briefing continually asserted that there were numerous decisions of the Third Circuit and this Court squarely on point regarding fraudulent joinder. (Pls.' Moving Br. 4, 28-29; Pls.' Reply Br. 11-12.) This Court, however, fails to see how any of the cases cited by Plaintiffs "squarely" address the fraudulent joinder question in this case. Accordingly, Plaintiffs' request for costs and fees is denied.

**V.     Conclusion**

For the reasons set forth above, Plaintiffs' motion to remand is granted and their request for an award of costs and fees is denied. An order consistent with this Memorandum Opinion will be entered.

 s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** December 9, 2015